60      367
33 SC ⁶169

# The Delaware Division Canal Company *et al.* *versus* The Commonwealth.

1. Corporations, other than municipal may become amenable to the criminal law for public nuisance and may be indicted.

2. As a general rule they are not indictable for misfeasances unless they assume the shape of nuisances.

3. The Delaware Division Canal Company purchased from the Commonwealth a canal, part of the public works as it had been constructed by the Commonwealth. Water escaped through the bank of the tow-path and formed stagnant and noisome pools on adjoining land not belonging to the canal company. *Held*, that the company were indictable for maintaining a nuisance.

4. Arrests of judgment arise from intrinsic causes appearing on the face of the record.

5. In criminal cases an arrest of judgment is founded on exceptions to the indictment.

6. In civil cases whatever is alleged in arrest of judgment must be such matter as would on demurrer have been sufficient to overturn the action or plea. In the applicability of the rule there is no difference between criminal and civil cases.

7. The Supreme Court has but a limited power of review in Commonwealth cases of the grade of misdemeanor, &c.: the proof cannot come before it, but can appear only when the record evinces error.

8. Commonwealth *v.* Read, 10 Casey 275, explained.

9. A sentence on a corporation to abate a nuisance created by it is proper although the nuisance is on the land of another.

10. Averring that a nuisance is within a borough, is a sufficient averment of its being in the neighborhood of dwellings.

January 20th 1869. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., absent. WILLIAMS, J., at Nisi Prius.

Error to the Court of Quarter Sessions of *Bucks county:* of January Term 1869, No. 230.

The Delaware Division Canal Company of Pennsylvania, and

[Delaware Division Canal Co. *v.* The Commonwealth.]

The Lehigh Coal and Navigation Company were indicted in the Quarter Sessions of Bucks county for a nuisance. The indictment in the first count set out, that there is a certain highway and canal, formerly known as the Delaware Division of the Pennsylvania Canal, beginning, &c., and extending through Northampton and Bucks counties to its connection with the Delaware river at Easton, used to navigate with boats and transport merchandise; which said canal was constructed by the Commonwealth as a part of her system of internal improvements, and is now owned by the Delaware Division Canal Company, a corporation, under an Act of Assembly authorizing the sale of the public works of the Commonwealth: and the Delaware Division Canal Company on the 14th of August 1866 leased the canal with its appertenances for 99 years to the Lehigh Coal and Navigation Company, also a corporation, which took possession of the same on the 1st day of April 1866.

The indictment charged that on the 20th of August 1866, "at the borough of Morrisville and township of Falls, in the said county of Bucks, and for a long space of time before that day and since, &c., there have been and now are two certain pools or ponds of standing water; one of the said pools or ponds is situated between the tow-path bank of said canal and the railroad bank of the Philadelphia and Trenton Railroad Company, in the borough of Morrisville, in the said county of Bucks, on the lands of Joseph C. and David Taylor, covering about three acres of ground; the other of the said pools or ponds is situated partly in the borough of Morrisville and partly in the said township of Falls, in said county, on lands owned by Kelly, Rowan & Co., lands of Daniel Lovett, and lands of the Philadelphia and Trenton Railway Company, which said last-mentioned pond is immediately east of the track of the said railway company; which said pools or ponds— two in number—are caused by the leakage and escape of the water in said canal through the tow-path bank, which is then and there so defectively constructed and maintained, and has been during all the time aforesaid, and still is so defectively constructed, kept, continued and maintained, that the water of said canal there and then has escaped, and still does escape in quantities and volume sufficient to form said ponds or pools there situate as aforesaid; which said ponds or pools then and there and for a long space of time had been and still are stagnant, putrid and noxious, yielding unwholesome smells, corrupting the air, producing miasma and miasmatic vapors, and causing and producing disease among the inhabitants there residing; that the said ponds or pools aforesaid are then and there outside of the boundaries of the said canal, are unnecessary for the conduct of its business and traffic, and that they are then and there the results of improper construction, and want of proper care in the maintenance of the tow-path

[Delaware Division Canal Co. *v*. The Commonwealth.]

bank of the said canal, and ought to be drained and removed by the said 'The Delaware Division Canal Company of Pennsylvania,' and 'The Lehigh Coal and Navigation Company,' to whom the ownership, possession, care and management of the said canal is committed by law as aforesaid, and that by reason of the premises at the days and times aforesaid, at the borough and township aforesaid in the said county of Bucks, it became and was the duty of the said 'The Delaware Division Canal Company,' and 'The Lehigh Coal and Navigation Company,' to keep and maintain the tow-path bank or wall of the said canal in good order and repair, and to remove and drain the said pools or ponds so formed as aforesaid, then and there being a common and public nuisance as aforesaid. Yet the said 'The Delaware Division Canal Company,' and 'The Lehigh Coal and Navigation Company,' well knowing the premises, on the 20th day of August, A. D. 1866, at the township and borough aforesaid, in the said county, and within the jurisdiction of this court, and on divers days and for a long space of time, &c., did then and there so carelessly, unskilfully and unlawfully keep, maintain and continue the tow-path bank or wall of the said canal, so that the waters thereof did then and there escape therefrom in such quantities and volume as then and there to form the pools or ponds aforesaid there situate, and did then and there unlawfully and injuriously cause and permit the said water to escape through the said tow-path bank or wall of the canal, and then and there, and thereby did keep, maintain and continue the waters of the said canal in the pools or ponds so formed thereof as aforesaid, and did then and there fail to remove and drain the water from the said pools so formed and caused as aforesaid; by reason whereof the waters in the said ponds did then and there become putrid, stagnant and noxious, yielding unwholesome smells, corrupting the air, producing miasma and miasmatic vapors, whereby the air was greatly corrupted and infected, and disease produced among the inhabitants there residing—to the great damage of all the good citizens of this Commonwealth there residing," &c.

The 2d count is substantially as the 1st, but did not charge a defective construction of the tow-path, and concluded charging that the defendants " did then and there unlawfully and injuriously keep, maintain and continue the said ponds or pools there situate as aforesaid, and did then and there unlawfully and injuriously permit and suffer the said pools or ponds to be formed by the escaped waters from the said canal, and did then and there fail to remove, take away and drain the same, thereby keeping, maintaining and continuing the said pools or ponds, by reason whereof the waters so forming the said ponds or pools on the days and times aforesaid, at the borough and township and county aforesaid, did become stagnant, putrid and noxious, yielding

10 P. F. SMITH—24

[Delaware Division Canal Co. *v.* The Commonwealth.]

unwholesome smells, corrupting the air, producing miasma and miasmatic vapors, whereby the air was greatly corrupted and affected, and disease produced among the good citizens there residing, to the great damage of all the good citizens of the Commonwealth there residing," &c.

The defendants were found guilty.

They moved in arrest of judgment for the reasons :—

1. That the indictment showed that the defendants derived title from the Commonwealth, the work having been constructed by her as part of the system of internal improvement as a public highway ; and the indictment does not aver that the defendants maintained the works for a different purpose than the Commonwealth did, or that they were in a worse condition than when conveyed by the Commonwealth.

2. That the indictment does not aver an act or omission by the defendants in violation of the authority under their purchase, or in disobedience to any Act of Assembly, or contracts by which they derived title.

3. That the indictment avers that the nuisance is caused by the defective construction of the tow-path, which was constructed by the Commonwealth.

4. The agents of the Commonwealth could not be indicted whilst she owned the works, and the defendants are in her place.

5. The nuisance is not charged as the property of the defendants, but as a consequence from the use of their works, and outside of their property.

6. The indictment does not conclude to the nuisance of the Commonwealth.

7. The indictment does not aver the nuisance to be in or near a highway, or in the vicinity of dwellings or habitations, or in any place in which the public have a special interest.

8. That the indictment alleges that the ponds caused disease among the inhabitants there residing, without averring that there were any inhabitants there, or that a sufficient number reside in the vicinity to constiute a common nuisance.

9. That no indictable offence is set forth in the indictment.

The court (Chapman, P. J.) overruled the motion in arrest of judgment, and sentenced the defendants to pay a fine of $1 and the costs, and " that the nuisance be abated."

The defendants took out a writ of error. They assigned for error :—

1. There is error in the record in that judgment was entered on the verdict.

2. The court erred in not arresting the judgment.

3. The court erred in deciding that the indictment sets forth sufficient to constitute an indictable offence.

4. The court erred in sentencing the defendants to abate the alleged nuisance.

*G. Lear*, for plaintiffs in error, cited Commonwealth *v.* Reed, 10 Casey 275; Graffins *v.* Commonwealth, 3 Penna. R. 502; Whart. Am. Cr. Law, § 87.

*H. P. Ross* (with whom were *G. Ross, N. C. James* and *R. L. Cope*, District Attorney), for Commonwealth, cited Pennsylvania Railroad *v.* Duquesne Borough, 10 Wright 223; Smith *v.* Elliott, 9 Barr 345; Thompson *v.* Gibson, 8 M. & W. 281.

The opinion of the court was delivered, February 1st 1869, by
THOMPSON, C. J.—No doubt whatever can exist at this day, but that corporations other than municipal may become amenable to the criminal law in the matter of the creation and maintenance of things which amount to or become public nuisances, and to be proceeded against by indictment: 1 Am. Crim. Law, §§ 86–87. As a general rule they are not indictable for misfeasances unless indeed they assume the shape of nuisances: Id. § 89. For assaults and batteries, riots, larcenies and the like they are not so answerable. These principles, however, do not seem to be disputed in this case.

The 1st and 2d assignments of error present a single question, namely, that the court below erred in not arresting judgment on the verdict against the defendant.

Arrests of judgment arise from intrinsic causes appearing on the face of the record: Chit. Blac. vol. 3, p. 395. In criminal cases an arrest of judgment is founded on exceptions to the indictment: Id., vol. 4, 375. This is the general rule, although an exception exists where a pardon is pleaded before sentence. The rule in civil cases seems well settled and elementary "that whatever is alleged in arrest of judgment, must be such matter as would on demurrer have been sufficient to overturn the action or plea: 3 Bl. Com. 394. I apprehend there is no difference between criminal and civil cases in the applicability of the rule. Tested by this rule wherein was there error on part of the court in refusing to arrest the judgment in this case?

We find on examination of the indictment that it is in due and proper form, charging the defendants with maintain'ꞏ continuing and keeping up the tow-path in so careless, unskilfu d unlawful manner, that the water from their canal escapes th gh the lock or walls, and forms pools or ponds of stagnant water, producing miasma or miasmatic vapors, corrupting and rendering the air unwholesome, to the nuisance and injury of the public, and producing disease among the inhabitants of the neighborhood. The 2d count charges the defendants with unlawfully and injuriously keeping and maintaining the pools or ponds, formed as stated in

[Delaware Division Canal Co. *v.* The Commonwealth.]

the 1st count, outside 'of, and unnecessary to the use and business of the canal, without drains or other means to carry off the water whereby they became and are stagnant water, creating miasma and producing disease among the people resident there.

Tested by this standard of whether demurrable, the indictment is sound beyond a doubt, if the creation and maintenance of a nuisance be a misdemeanor. That it is, no possible doubt can exist. The indictment being sound and exhibiting on its face a clearly defined offence, what reason could there be for arresting judgment? The answer must inevitably be, none; and here we might leave the subject of the exceptions, but will notice some matters claimed in argument, but which, after all, cannot affect the positions stated, so far as the result is concerned.

The defendants claim that they ought not to be convicted and sentenced, because they held the works mediately by purchase and lease from the Commonwealth. This is true. But it nowhere appears in the indictment, or by plea, that the Commonwealth created those, or similar pools, while it is distinctly charged that the defendants did; and this the jury have found to be true, and that the pools are no part of the canal, or necessary to its use. But suppose it had been proved that the Commonwealth did create and maintain them, and notwithstanding the defendants had been convicted, that appearing only in the testimony and not on the record, and there being no bill of exceptions in such case to bring up the rulings of the court on the testimony, or the testimony itself, we could not review the trial and give relief even if we supposed there was error. That can be done only by the court below.

But it is objected that it should have been averred in the indictment, it appearing that the canal was constructed by the Commonwealth, that the company conducted and used their works differently from the use and management of them by the state, and that the indictment was defective for the want of such an averment. If the fact of entire accordance in the use of the canal by the company with that of the state, were a defence, the case was open to them to make it, and the form of the indictment did not preclude the proof. The Commonwealth was not bound to do more than to set forth facts constituting the offence; which she did, as already said. That the defendants did not succeed in inducing the court and jury to believe that there was a similarity of user, or that if there was, it was a defence, is not a matter for our consideration. It ought to be understood by the people, as well as the profession, that this court has but a limited power of review in Commonwealth cases of the grade of this. We cannot say what effect the proof should have had in any given case, for it cannot come before us as the law stands. We can only interfere where the record evinces error—that is to say, when there

[Delaware Division Canal Co. v. The Commonwealth.]

has been a conviction, and no offence charged in the indictment—or a sentence not conforming to the law of the crime, or sustained by the conviction—or other matters which the record may show to be contrary to law.

It has not yet been decided that a nuisance created by the Commonwealth resulting from, but not necessarily a part or parcel of its works, may not be a nuisance when continued by a company. The analogy between the position of the Commonwealth as proprietor, and that of a corporation, is not exact on the question of liability and relative duty, because the one is sovereign, and the other subordinate. The maxim relating to the one is, that it can do no wrong, while the other may, and for this reason, acts resulting from sovereignty are not indictable when done by the sovereign power. The Commonwealth can neither be sued nor indicted; but because this is so, I do not think it follows that such an immunity passes to the vendees of her property or rights. The Railroad Company v. Duquesne Borough, 10 Wright 223, strongly sustains this view. It is in fact, however, not material to decide the point in this case.

In The Commonwealth v. Reed, 10 Casey 275, the whole question of liability was reduced to a question of law by the pleadings. The plea averred that the dam complained of as occasioning the nuisance was erected by the Commonwealth as part of her canal, and as such was granted to the defendants upon the express condition that they were to maintain and keep up said canals and necessary works. There was a demurrer to this, which admitted every allegation in the plea. The decision, therefore, was that the works themselves having been created by the Commonwealth and granted to the defendants, could not be indicted as a nuisance. The effect of the creation and grant by the Commonwealth was thus brought upon the record, and the determination of the question on review in this court, was upon the case on the record. Very different is the position of the question here, even if it were essentially similar. There it appeared on the record—here it could only appear in the proof that the Commonwealth created similar pools, or the very ponds or pools indicted. In the latter aspect this court could take no cognisance of the action of the court on the subject. The questions would have been similar and the position similar if the canal itself had been indicted as a nuisance, and the plea had set forth its construction and grant to a purchaser by the Commonwealth. The difference between the question in this case and the one before us is very marked. That would have involved the right of the state to construct such a work, while the question here is, are the defendants indictable for so maintaining the works as to create *ab extra* a nuisance? That does not involve the construction, but the use. We think the court could not have

[Delaware Division Canal Co. *v.* The Commonwealth.]

arrested the judgment for the reasons urged by the defendants' counsel, taking it for granted that they were substantially those so ably argued here.

3. The 3d assignment of error is disposed of by what has been already said. We think there is an indictable offence sufficiently set forth in the indictment.

4. It is part of the penalty in convictions for public nuisances that the defendant be required to abate them; and the fact that the nuisance is on the land of a stranger, is no reason for not abating it. The owner of the soil where the nuisance is must not be allowed to control the public right to have it abated; and what the law commands to be done for the benefit of the public an individual may not resist. Smith *v.* Elliott, 9 Barr 375, rules this assignment of error against the defendants.

The averment that the nuisance is situate in the borough of Morrisville, is a sufficient averment of being in the neighborhood of dwellings; certainly it is, after verdict, without objection previous to trial. So is the proximity of a highway sufficiently averred.

Seeing no reason for disturbing the action of the court below in this case, the sentence is affirmed.