## Commonwealth of Pennsylvania v. Dr. W. L. Duff, Appellant.

*Practice, C. P.—Arrest of judgment—Appeals.*

Judgment can only be arrested for defects apparent on the face of the
record.

*Practice, Superior Court—Appeals—Refusal of new trial—Bills of exception—Appellate knowledge confined to record.*

A motion for a new trial is an appeal to the discretion of the court; it
will not be granted unless injustice has been done. The appellate court
cannot review the discretion of the court below in refusing a new trial
when the case comes before them without the testimony, without the
judge's charge attached to the record, without a single exception to any
action of the court as appears by the record. In the absence of bills of
exception, the appellate court has nothing before it but the bare record,
such as would be sent up upon a common writ of certiorari, and it can
know nothing of the trial except as it is disclosed by the record.

Argued March 10, 1898. Appeal, No. 22, March T., 1898,
by defendant, from judgment of Q. S. Dauphin Co., March Sess.,
1897, No. 140, on verdict of guilty. Before RICE, P. J., WICK-
HAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.
Affirmed.

Indictment for fraud against an insurance company.   Before McPherson, J.   (See report of case below, 7 Dist. Rep. 370.)

It appears from the record that a true bill was found.   Defendant being arraigned in open court pleaded not guilty, whereupon trial ordered, jury called, come, etc., twelve good and lawful men of Dauphin county, who being sworn say that they find the defendant guilty.   Reasons and motion for new trial and in arrest of judgment filed.   Motion for new trial overruled and defendant directed to present himself for sentence.

It also appears from the opinion of the court overruling motion in arrest of judgment at the trial that defendant who was a physician in the city of Harrisburg was indicted under the Act of June 10, 1881, P. L. 109.

The court directed a verdict of guilty and subsequently overruled a motion in arrest of judgment to which action of the court an exception is sealed, the court certifying in its opinion, inter alia, as follows:

"At the trial of this case there were no disputed facts, but the defendant's construction of the statute was not adopted by the court.   For reasons stated in the foregoing opinion the jury was instructed to render a verdict of guilty, but the court agreed to consider more carefully the defendant's construction on a motion in arrest of judgment.   This was done, and the motion was refused.   No exception was asked to the charge, the only matter in dispute being the meaning of the statute. If the court had been satisfied that the defendant's view on this point was correct, the judgment would have been arrested, for it did not appear that he was to receive any part of the proceeds of the policies."

*Errors assigned* were (1) in overruling defendant's motion in arrest of judgment.   (2) In overruling defendant's motion for a new trial.   (3) In directing the jury to find a verdict of guilty.

*George Kunkel* of *Kunkel & Millar*, for appellant.—The ground and cause of passing an act of assembly is to be considered in construing it: Improvement Co. v. Com., 94 Pa. 450.

This court has the power, and it is its duty, to correct any abuse of discretion on the part of the court below: Act of

May 20, 1891, P. L. 101; Smith v. Times Publishing Co., 178 Pa. 481; Renwrick Bros. v. Richardson, 5 Pa. Superior Ct. 202.

In a criminal case a verdict of conviction may never be directed: 6 Ency. of Pleadings & Practice, 689; U. S. v. Taylor, 11 Fed. Rep. 470.

By directing a verdict of guilty the learned trial judge deprived the defendant of his right to have these matters passed upon by the jury. When they were called to his attention on the motion for a new trial, he ought to have granted another trial, and not to have assumed to pass upon them himself. His refusal to grant a new trial, under all the circumstances, was an improper exercise and abuse of his discretion.

The offense defined by the act of 1881 is a species of false pretense, and, it is contended, is subject to the principles of law applicable to such cases.

*Meade D. Detweiler*, district attorney, for appellee.—Where all the facts essential to conviction are admitted, it has been held that a verdict may be directed: Gerbracht v. Com., 1 Penny. 471; Com. v. Magee, 10 Phila. 201; U. S. v. Anthony, 11 Blatch. (U. S.) 201; People v. Kirsch, 67 Mich. 539; People v. Lyng, 74 Mich. 579.

Where all the facts are admitted and the only question is as to the construction of the statute, it is proper for the court to direct a verdict: People v. Ackerman, 80 Mich. 588.

It is a fatal objection to the third assignment of error that it is not based upon an exception taken in the court below: Shaffer v. Eichert, 132 Pa. 285; Com. v. Ware, 137 Pa. 465.

The appellate court in reviewing the discretion of the court below will never reverse except for plain abuse of discretion: Fernald v. Fernald, 5 Pa. Superior Ct. 629.

This court has held repeatedly that the error complained of must be specifically assigned, otherwise it will not be considered: Ross Twp. Road, 5 Pa. Superior Ct. 85; Rodovinsky v. Knitting Co., 5 Pa. Superior Ct. 636; Com. v. Ware, 137 Pa. 465.

OPINION BY REEDER, J., May 9, 1898:

There are three assignments of error. The first of which is that the court erred in overruling the defendant's motion in

arrest of judgment. " Judgment can only be arrested for defects apparent on the face of the record : " Delaware Division Canal Co. v. Commonwealth, 60 Pa. 367. There being no defect apparent on the record as presented to us, we cannot say the court erred in overruling this motion. Second. That the court erred in overruling the defendant's motion for a new trial. " A motion for a new trial is an appeal to the discretion of the court ; it will not be granted unless injustice has been done : " Com. v. Eberle, 3 S. & R. 9. This case is before us without the testimony, without the judge's charge attached to the record, without a single exception to any action of the court as appears by the record. We ought to say in justice to the appellant's attorneys, through no fault of theirs, there being no stenographer employed by the court for the purpose of taking either the notes of testimony or the charge. The opinion of the court in refusing a new trial is no part of the record, and this court cannot take notice of any fact stated therein. Third. The court erred in directing a verdict of guilty. The record does not disclose whether he did or did not direct a verdict, and therefore we cannot consider and determine whether he had the right to do so or not. In Com. v. Ware, 137 Pa. 476, the opinion delivered by Chief Justice Paxson seems to be so peculiarly applicable to this case as to justify us in extensively quoting it. " This record comes up without a single exception in the court below. It was conceded in the argument that no exceptions were taken. . . . In the absence of bills of exceptions we have nothing before us but the bare record such as would be sent up upon a common writ of certiorari. The object of an exception is to place something upon the record which occurred upon the trial below. Until the matter complained of is thus placed upon the record we can have no official knowledge of it. We can know nothing of a trial except as it is disclosed by the record. If we were to decide cases by what is outside of it, our decisions would be mere arbitrary rescripts instead of judicial decrees, and would deservedly lose the confidence of the bar and the community."

Judgment affirmed and the record remitted in order that the sentence imposed may be carried into effect.