# Commonwealth, Appellant, v. Pennsylvania Railroad Co.

*Criminal procedure—Indictment for maintaining a nuisance—Motion in arrest of judgment.*

A motion in arrest of judgment is not the recognized way by which to assail the sufficiency of the evidence of the Commonwealth to support a conviction. The established and proper method of raising that question is by submitting a point for a binding direction from the trial judge in favor of the defendant. If that be refused and such refusal, on appeal, is found to be erroneous, the judgment will be reversed and the defendant discharged.

*Practice, Q. S.—Power of court to enter judgment n. o. v.—Act of April 22, 1905, P. L. 286.*

The court of quarter sessions does not have the power, in the trial of an indictment, to do what the court of common pleas may with propriety do in the disposition of a civil case. In the trial in the quarter sessions, the Commonwealth must carry the same burden in every case and it may not ask the court, upon the consideration of the whole of the evidence, to direct a verdict in its favor and, under the same reasoning, the court cannot enter judgment in favor of the defendant, in spite of the verdict of the jury.

*Criminal law—Indictment for maintaining a nuisance—Navigable streams—Water supply commission.*

The Act of June 25, 1913, P. L. 555, giving control of the streams of the Commonwealth to the Water Supply Commission, does not prevent a prosecution for the maintenance of a public nuisance in a navigable stream, nor does the consent of the Water Supply Commission or the certificate from the secretary of war authorizing certain constructions in a navigable stream justify acts, which under the law of the Commonwealth might otherwise be indictable. The latter permit merely expresses the assent of the federal government so far as it concerns public rights of navigation.

*Criminal procedure—Motion in arrest of judgment—New trials.*

Where a motion for a new trial was formally disposed of by the court below, but was not considered on its merits, because the court erroneously granted the defendant's motion in arrest of judgment, the motion for a new trial should be reinstated, in order that it may receive a proper consideration by the court, in accordance with the existing circumstances.

Argued April 17, 1919.   Appeal, No. 116, April T., 1919, by the Commonwealth, from order of Q. S. Armstrong Co., No. 44, March Sess., 1917, arresting judgment in the case of Commonwealth v. Pennsylvania Railroad Company, a Corporation.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Indictment for maintaining a nuisance along the eastern embankment of the Allegheny river.   Before KING, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty.   Subsequently the court, on motion, arrested the judgment and set aside the verdict.   Commonwealth appealed.

*Error assigned* was the order of the court.

*C. E. Harrington,* and with him *John W. Reed* and *Harry C. Golden* and *Clarence O. Morris,* District Attorney, for appellant.—A motion in arrest of judgment is not the proper method of raising the question as to the sufficiency of the evidence to warrant a conviction: Swan v. Commonwealth, 104 Pa. 218; Commonwealth v. Walker, 33 Pa. Superior Ct. 167, and cases cited on page 169; Commonwealth v. Bartholomew, 35 Pa. Superior Ct. 114; Commonwealth v. Schollenberger, 17 Pa. Superior Ct. 218.

The encroachment in the Allegheny river was clearly a nuisance: Commonwealth v. Church, 1 Pa. 105; Northern Central Railway v. Commonwealth, 90 Pa. 300;

Beech v. Kuder, 15 Pa. Superior Ct. 89; Carnegie v. Railway Co., 234 Pa. 472; Rider v. York Haven W. & P. Co., 242 Pa. 141.

The permit from the Water Supply Commission cannot be held to justify the maintenance of a nuisance, or to constitute a legal defense: White v. Penna. R. R. Co., 229 Pa. 480; Leard v. Penna. R. R. Co., 229 Pa. 475; Phila., etc., Street Ry. Company's Petition, 203 Pa. 354; W. Va. P. & P. Co. v. Public Service Commission, 61 Pa. Superior Ct. 555; Rhines v. Clark et al., 51 Pa. 96.

*William C. Corbett,* of *Corbett & Rugh,* and with him *Buffington & Gilpin* and *Speer, Frampton & Courtney,* for appellee.—The Water Supply Commission has authority to regulate the streams of the Commonwealth and what it permits and authorizes cannot be indicted as a nuisance: Pa. Power Co. v. Public Service Commission, 66 Pa. Superior Ct. 448; Commonwealth v. Houck, 11 W. N. C. 559; Clark v. Birmingham & Pittsburgh Bridge Co., 41 Pa. 158; Commonwealth v. Reed et al., 34 Pa. 275; Woods Railway Law, vol. 1, section 215, p. 619.

In addition to the permit of the Water Supply Commission the defendant had direct legislative authority: Act of May 8, 1854, P. L. 648, sec. 2.

When the defendant succeeded, by purchase, to the franchise, etc., of a former company it acquired all the rights and franchises relating thereto: Commonwealth v. Allegheny Valley Ry. Co., 14 Pa. Superior Ct. 336; Commonwealth v. Railroad Co., 138 Pa. 58; Commonwealth v. Pennsylvania R. R. Co., 117 Pa. 637; Act of March 22, 1901, P. L. 53, 50, 55 (Purdon's Digest, vol. 4, pp. 3878 and 3879).

OPINION BY HEAD, J., July 17, 1919:

Following a constable's return, the Court of Quarter Sessions of Armstrong County directed the district attorney to place before the grand jury a bill of indictment, charging the defendant with the creation and mainte-

nance of a nuisance by obstructing the channel of the Allegheny river, a navigable stream. A true bill was found and in due course the case came on for trial before the court and jury. A general verdict of guilty was re-: turned. Thereafter a motion in arrest of judgment was filed, and, after argument and consideration by the court, the judgment was arrested. The Commonwealth appeals.

The nature of the act of the court arresting judgment in a criminal case after a verdict of guilty had been found by the jury, we suppose to be well known. In Delaware Canal Co. v. Commonwealth, 60 Pa. 367, Chief Justice THOMPSON thus stated it: "Arrests of judgment arise from intrinsic causes appearing on the face of the record: Chit. Blac., Vol. 3, p. 395. In criminal cases an arrest of judgment is founded on exceptions to the indictment: Id. Vol. 4, p. 375. This is the general rule, although an exception exists where a pardon is pleaded before sentence." This language is repeated with approval in Swan v. The Commonwealth, 104 Pa. 218. In Commonwealth v. Kammerdiner, 165 Pa. 222, Mr. Justice FELL said: "The case presents the anomaly of an arrest of judgment not for defects appearing upon the record, but for causes entirely foreign to it. The indictment was in proper form, nor is it suggested that its averments were not fully sustained by the testimony, etc." A motion in arrest of judgment is not the recognized way by which to assail the sufficiency of the evidence of the Commonwealth to support a conviction. The established and recognized method of raising that question is by submitting a point for a binding direction from the trial judge in favor of the defendant. If that be refused and such refusal, on appeal, is found to be erroneous, the judgment will be reversed and the defendant discharged. So it was said by our Brother MORRISON in Commonwealth v. Walker, 33 Pa. Superior Ct. 167: "A motion in arrest of judgment is not the proper mode of raising the question as to the sufficiency of the evidence to warrant a conviction (citing many cases)." In Commonwealth v. Bar-

rett, 28 Pa. Superior Ct. 112, the sufficiency of the evidence of the Commonwealth to sustain a conviction was the real question involved. The learned trial judge had refused a point for a directed verdict and an appeal followed. This court, having determined there was no sufficient evidence to support the conviction, reversed the judgment and the defendant was discharged.

Now when we look into the record in this case we can. find no ground to support the action of the court in arresting the judgment. The bill of indictment charged the defendant with setting up and maintaining a public nuisance by creating an artificial obstruction in the channel of a navigable stream, thus diverting the direction of the normal current of the stream to the great injury of the property of many persons living on its bank. The indictment therefore, in plain language, charges the commission of what was an offense at common law and continues to be an offense under our Crimes Act. It is true the first reason urged for the arrest of the judgment is that the indictment does not charge any offense indictable under the laws of the Commonwealth. By this we understand the learned counsel to mean that, because of the passage of the Act of 1913, giving to the Water Supply Commission of the Commonwealth certain regulatory powers over the use of the streams of the Commonwealth and making disobedience to its orders or a violation of its provisions a misdemeanor, it is no longer possible to successfully indict a person or corporation for the creation and maintenance of a common nuisance in such streams, in other words, that the only remedy of the Commonwealth would be an indictment for the new statutory misdemeanor created by the Act of 1913. We reply first that, in our judgment, the creation and maintenance of a public nuisance in a navigable stream still remains an offense under our Crimes Act.. We answer further that the determination of such a question would necessarily involve the ascertainment of many facts not before us, and that

the arrest of the judgment in this case cannot be made the instrumentality for the determination of these questions.

It is also urged that the Court of Quarter Sessions of Armstrong County was without jurisdiction because the acts, which are alleged to have amounted to a nuisance, were done and committed in the County of Clarion and not in the County of Armstrong. Manifestly the determination of this contention involves questions of fact that cannot be disposed of by a motion in arrest of judgment or an appeal from the action of the court thereon. We have not before us any of the testimony taken on the trial. In no event could the testimony become a part of the record for the purpose of determining whether or not the action of the court below in arresting the judgment was erroneous. It is true there was a point offered by the defendant praying for a binding direction to the jury. It was refused. On appeal by the defendant an exception to its refusal would bring upon the record the whole of the evidence for our consideration, and if, as we have stated, we should reach the conclusion such a point should have been affirmed, the judgment would be reversed and the defendant discharged.

Finally it is urged upon us that by reason of the provisions of the Act of April 22, 1905, P. L. 286, the learned court below had power practically to enter a judgment non obstante veredicto, if convinced that the point for a binding direction should have been affirmed. Whilst the legislature has not said in terms that this statute was intended to operate only in civil cases as distinguished from criminal cases, we think it plain enough such must have been the legislative intent. The court of quarter sessions does not have the power, in the trial of an indictment even for a nuisance, to do what the court of common pleas may with propriety do in the disposition of a civil case. The parties in interest are entirely different. In a trial in the quarter sessions, the Commonwealth must carry the same burden in every case. It may not ask the court, upon a consideration of the whole of the evidence,

to direct a verdict in its favor. Many reasons could be suggested why the conclusion urged upon us would result in much confusion.

In the case at bar the learned trial judge did not arrest the judgment for any of the reasons we have been considering. His action rested upon the determination that the defendant had conclusively shown, by the evidence it offered, that it was without fault. The evidence referred to was a certificate from the Secretary of War which, under federal law, must be obtained before any interference of any kind may be lawfully brought about with the normal conditions of a navigable stream. Of course that permit was not part of the record in the present case but was a part of the evidence offered by the defendant to excuse or justify acts which, under the law of the Commonwealth, might otherwise be indictable. The permit itself expressly declares "that it does not authorize any injury to private property or invasion of private rights or any infringement of federal, State or local laws or regulations, nor does it obviate the necessity of obtaining State assent to the work authorized. It merely expresses the assent of the federal government so far as concerns public rights of navigation." The defendant also offered, in its own defense, a permit or certificate which indicates the consent of the Water Supply Commission of Pennsylvania to construct fills along the east bank of the Allegheny river on conditions therein named. Whether or not such conditions were complied with we have no means of knowing. Upon that question the Commonwealth would at least be entitled to offer evidence if it deemed such evidence to be necessary or pertinent in the final determination of the case. Neither of these certificates or permits are a part of the record or have any proper place in the determination of the question before us.

There was also filed in the court below a motion for a new trial. Whilst this motion was formally disposed of in the court below, it was not considered on its merits,

as the opinion of the learned judge clearly shows: "Having therefore reached the legal conclusion that the Commonwealth cannot maintain this indictment, it would be folly to grant a new trial." For the reasons we have given we are of opinion the learned court below fell into error in arresting the judgment and in not giving due consideration to the motion for a new trial on its merits. We shall therefore remit the record with direction to award a new trial to the end that a conclusion may be reached which will be in substance and in form according to the established laws of the land and the recognized usage and practice in the courts.

The judgment is reversed and the record remitted to the court below with direction to reinstate the rule to show cause why a new trial should not be awarded and thereupon to dispose of said rule as to right and justice may appertain.