## Commonwealth v. Yatch.

*Criminal law—Arrest of judgment—Possession of intoxicating liquors—Costs.*

1. Judgment can only be arrested for defects apparent upon the record.

2. Where a defendant charged with the illegal possession of intoxicating liquors gives bail before a justice of the peace for his appearance at court and an indictment is found, and thereafter defendant appears in court, pleads to the indictment, goes to trial and a verdict of "not guilty, but pay the costs," is rendered, it is too late for the defendant, on motion for arrest of judgment, to object to the form of commitment or the proceedings before the justice.

3. In such case, it cannot be alleged as a ground for arrest of judgment, that the trial judge submitted the question of costs to the jury after instructing them that the Commonwealth had not made out a case.

4. As the offence charged was a misdemeanor, it was within the province of the jury to dispose of the costs, if such question, in the judgment of the trial judge, should be submitted to them.

Motion in arrest of judgment. Q. S. Indiana Co., March Sess., 1924, No. 66.

*L. E. Miller,* District Attorney, for plaintiff.

*E. Walker Smith,* for defendant.

LANGHAM, P. J., Aug. 28, 1924.—In this case a true bill was found by the grand jury on June 4, 1924, the case was called for trial on June 20th, plea entered, jury sworn, the Commonwealth's evidence presented, whereupon the

trial judge informed counsel and instructed the jury that the Commonwealth had failed, in his judgment, to produce sufficient evidence to warrant a verdict of conviction, and instructed the jury to return a verdict of "Not guilty." But the offence charged being a misdemeanor, he submitted the matter of disposing of the costs to the jury. The jury retired to the jury-room, and after deliberation, returned a verdict of "Not guilty, defendant pay cost."

After verdict and within four days, counsel for defendant filed a motion, in arrest of judgment, setting forth the following reasons:

"1. The indictment is not founded upon an information made after making search of the premises, but upon an information made for the purpose of securing a search warrant.

"2. For the reason that no warrant was issued for the arrest of the defendant, the only warrant being a search warrant.

"3. For the reason that the court submitted the question of costs to the jury after instructing them that the Commonwealth had not made out a case, and that their verdict must be for the defendant."

In criminal cases, an arrest of judgment is founded on exceptions to the indictment. Now, what does the indictment charge, and how is it so charged? The second count of this indictment upon which the defendant entered a plea of "Not guilty," and for which the jury was sworn to try, charged "that the said George Yatch afterwards, to wit, on the day and year aforesaid, at the County and within the jurisdiction aforesaid, with force and arms, did possess intoxicating liquors for beverage purposes, contrary to the Act of Assembly in such case made and provided, &c."

We have examined the act of assembly under which this count in the indictment was drawn, and find it is in due and proper form, charging the defendant for having intoxicating liquors in his possession for beverage purposes, and charging that such possession was contrary to the act of assembly. The offence charged is indictable, and the indictment is in proper form, and there is no exception or question raised as to any defect or intrinsic cause appearing upon the face of the record. Judgment will not be arrested in a criminal case unless such exceptions do appear upon the face of the record itself.

The first and second reasons must fall in a motion in arrest of judgment. While the information was not in accordance with the usual and, we may say, proper practice, and may not have been sufficient to have detained the defendant in custody, advantage was not taken thereof in proper time. Here the defendant gave bail for his appearance at court, an indictment was found, the defendant appeared in court, pleaded to said indictment and went to trial, and a verdict of "Not guilty, but pay the costs" was rendered. In such case, it is too late to object to the form of commitment or the proceedings before the justice: March v. Com., 21 W. N. C. 566.

In the case above cited, Mr. Justice Williams, in delivering the opinion of the Supreme Court, says: "If a justice of the peace returns a transcript of his proceedings in a criminal case that is defective in form, the defect is taken advantage of, on motion for the discharge of the defendant or to quash the commitment; but after an indictment has been found, the defendant pleaded to it and a verdict rendered by the jury, it is too late to object to the form of commitment or the proceedings before the justice." In the case at bar, the indictment is in due and proper form, and the application to arrest the judgment for reasons *aliunde* must be denied. The reasons, "one" and "two," here urged, go to the legality of the arrest. In Com. v. Dingman, 26 Pa. Superior Ct. 615, it was held: "The defendant might have raised any question touching the legality of his arrest upon a proceeding to be discharged

from custody, but having given bail to answer the charge, he could not, after indictment found, raise such questions by a motion to quash." See, also, Com. v. Brennan, 193 Pa. 567.

Judgment can only be arrested for defects apparent upon the record: Com. v. Duff, 7 Pa. Superior Ct. 415; Del. Div. Canal Co. v. Com., 60 Pa. 367.

The third reason urged in arrest of judgment is that the trial judge submitted the question of costs to the jury after instructing them that the Commonwealth had not made out a case. The offence charged was a misdemeanor, and it was within the province of the jury to dispose of the costs, if such question, in the judgment of the trial judge, should be submitted. If the trial judge did so err (which we do not concede), that is no reason for arresting the judgment. The motion will be overruled.

And now, Aug. 28, 1924, this case came on to be heard by argument of counsel, and upon due consideration thereof, the motion in arrest of judgment for the reasons in said motion contained is hereby overruled, and it is ordered and directed that the defendant appear in open court for sentence on Sept. 22, 1924, unless an appeal is taken to this ruling and order of the court.

From James L. Jack, Indiana, Pa.