## Commonwealth v. Carter.

*Criminal law — Rape — Evidence—New trial—Refusal to admit evidence after case closed—Variance—Time.*

1. A new trial will not be granted in a criminal case because the court refused to permit a witness for defendant to be sworn and examined after the case had been closed and while the district attorney was addressing the jury, and especially so where the evidence of such witness would have been merely cumulative.

2. Where a complaint charges an offence to have been committed in the first week in June and the indictment charges that it was committed on or about the 4th day of June, evidence that the crime was committed on June 7th, the last day of the first week of that month, is not a fatal variance, and the admission of such evidence is not ground for new trial.

3. *Ex parte* affidavits on information and belief alleging an *alibi* will not be considered in support of a rule for a new trial, and especially is this so where such evidence is merely cumulative of that produced at the trial and where no reason is given why the affiants could not have been produced at the trial.

Rule to show cause why a new trial should not be granted. O. & T. Greene Co., Dec. T., 1924, No. 54.

*O. R. Hughes,* for Commonwealth; *Carl Crawford,* for defendant.

RAY, P. J.— . . . The sixth reason for a new trial reads: "That John Carter, a material witness for the defendant, and who was under subpœna and in attendance upon the court and who had left the court-room for a few minutes and was absent when defendant's counsel had him called, but returned as the testimony was closed, whereupon defendant's counsel asked permission of the court to call him to the witness-stand, which was refused by the court upon the objection of the district attorney, who was aware that the witness was in attendance, whereby defendant's case was materially weakened. Defendant submits that the court erred in not permitting him to call the witness."

The facts relating to this reason, as the court remembers them, are these: During the progress of the trial the defendant called the said John Carter as a witness. Failing to respond, the court suggested to defendant's counsel that he ask for an attachment for him, to which suggestion counsel replied, in substance: "No, we will go on without him." After the close of the case and the witnesses had been discharged, and while counsel for defendant was presenting his argument to the jury, on saying something about John Carter, the district attorney interrupted him. It was then that defendant's counsel asked permission of the court to call the witness, Carter, who was then in the court-room, to the witness-stand for examination. This, for apparent reasons, the court refused to do. In any event, his evidence would only have been cumulative, other witnesses having testified to the same fact to which he would have testified, as appears from *ex parte* affidavits that have been filed in this matter.

The seventh reason is as follows: "That the indictment charged the defendant with the alleged crime of rape committed in and upon the body of one Irene Carter upon the 5th day of June, 1924, while upon the trial of the cause no testimony was taken proving or tending to prove the commission of the alleged crime on that date. The Commonwealth did attempt to prove the said offence was committed at a subsequent date, to wit, on the 7th day of June, 1924, and the defendant had no knowledge that he would be called upon to defend as against such subsequent date."

The defendant is mistaken in stating that the indictment charges that the alleged crime was committed on June 5, 1924. It alleges it was committed "on or about the 4th day of June, 1924." And the prosecutrix in her complaint alleges it occurred the first week of June, 1924. It is difficult to see how the defendant and his counsel could, or should, have been in any way misled as to

the alleged time of the occurrence. The defendant was committed to the county jail by the justice of the peace on July 1, 1924, two months before the case was called for trial, and the transcript of the justice's record was. filed July 5, 1924, in the office of the Clerk of Courts of Greene County. The evidence shows that the crime, if committed at all, was committed on Saturday, June 7, 1924, the last day of the first week of that month, being the week in which the prosecutrix in her complaint alleged it was committed.

The eighth reason reads: "The two exhibits offered by the Commonwealth do not show nor tend to show the guilt of the defendant, and the court erred in permitting them to go to the jury over the objection of the defendant."

As we understand these two exhibits, referred to in the eighth reason in support of the pending rule, refer to two letters written by the defendant to his daughter, the prosecutrix, while he was in the county jail awaiting trial. What weight, if any, was attached to them by the jury we do not know. In our opinion, however, they were properly admitted, and that proper instructions were given the jury concerning the jury's consideration of them.

The defendant has not alleged as a reason for a new trial any after-discovered evidence. He has, however, filed twelve ex parte affidavits in support of his rule; not one of which is competent for that purpose. In each and every one of the twelve the affiant states, either exactly or substantially: "That the facts herein set forth are true and correct to the best of affiant's knowledge, information and belief." Evidence based on information and belief is not competent on the trial of criminal cases. It is only hearsay at best; and evidence of seven of the twelve affiants, so far as appears from their affidavits, could only go to prove an alibi on the part of the defendant; that is, that he was not present at the place where, at the time when, the alleged crime was committed. The evidence of these seven affiants would only have been cumulative, other witnesses having been called and testified as they would have done had they been examined on the trial. Nor has any reason been given why these seven affiants were not called and examined on the trial. The defendant knew them all, and the allegation is that he and they were working together on Saturday, June 7, 1924, on the public highways of Aleppo Township, Greene County, that being the day on which the alleged crime was committed, toward the evening thereof. He lacked neither the requisite knowledge nor the opportunity to have them present at his trial had he so desired.

In Sadler on Criminal Procedure, § 520, pages 444-45, we find the following: "The application for a new trial is an appeal to the discretion of the court. The same rules govern the criminal courts in considering these applications as obtain in civil tribunals. The granting or refusal depends on the legal discretion of the court, guided by the nature and circumstances of the particular case. Where, on view of the whole cause, it appears that substantial justice has been done and the verdict is such as it should be under the evidence, it will not be interfered with. It does not depend on mere whim or caprice, but on well-established principles, and the power is only to be exercised in clear cases. But even though the court is satisfied of the guilt of a defendant, if a material misdirection has been made as to the law, a new trial should be awarded. In reviewing the verdict of a jury regularly given, courts should be governed by the following rules: The verdict must be presumed to be right until the contrary appears. The verdict should be sustained by the court if the evidence by any fair construction will warrant such a finding. A court is not authorized to set aside a verdict simply because if it had been on the jury it would have found a different verdict. It is not sufficient that the

Commonwealth v. Carter.

verdict may possibly be wrong, but that, after giving proper weight to all the evidence, it cannot be right."

In support of the various doctrines laid down by the author, in this quotation he refers to the following authorities: Com. v. Duff, 7 Pa. Superior Ct. 415; Com. v. Flanagan, 7 W. & S. 415; Com. v. Manson, 2 Ashm. 31; Com. v. Still, 9 York Leg. Record, 73; Com. v. Eberle, 3 S. & R. 9; Com. v. Thompson, 4 Phila. 215; Com. v. Casey, 14 Pa. C. C. Reps. 389; Com. v. McEwen, 1 Clark, 140; Com. v. Alsop, 6 Phila. 371.

In our opinion, the defendant has had a fair and impartial trial and no well-defined reason has been shown to exist why he should have a new trial.

### Order.

And now, Nov. 29, 1924, this matter having come on to be heard, and having been argued by counsel, after due consideration, the rule to show cause why a new trial should not be granted is discharged and the district attorney is directed to move for sentence, either on this day or not later than on Monday, Dec. 1, 1924.                    From S. M. Williamson, Waynesburg, Pa.