## Commonwealth v. Vinisky.

*Liquor law—Information—Indictment—Variance—Arrest of judgment—Practice.*

1. An indictment for possession of intoxicating liquor, charging the date of the offence as subsequent to the date on which the information was made, is not fatally defective if the date is prior to the finding of the indictment and within the period of the statute of limitations.

2. When time is not the essence of an offence, the Commonwealth may show any time prior to the finding of the indictment and within the period of limitation.

3. A motion in arrest of judgment is not the proper mode of raising the question as to the sufficiency of the evidence to warrant a conviction or a question of variance between the information and indictment.

Conviction for possession of intoxicating liquor. Motion in arrest of judgment. Q. S. Westmoreland Co., Feb. Sess., 1927, No. 474.

*John R. Keister*, District Attorney, for Commonwealth.

*J. R. Speigel*, for defendant.

WHITTEN, J., March 28, 1927.—Feb. 10, 1927, the grand jury returned a true bill charging the defendant with unlawful possession of, also with the unlawful sale of, intoxicating liquor. The indictment charged the above offences as having been committed "on or about" Sept. 25, 1926.

The information made before the justice of the peace, Sept. 25, 1926, charged the defendant, *inter alia*, with the unlawful possession and sale of intoxicating liquor on Sept. 25, 1926.

Jan. 18, 1927, the defendant was arrested by virtue of a warrant issued upon the above information.

Jan. 21, 1927, at a hearing before the justice of the peace who issued the said warrant, the defendant was held to answer the said charges at the next Court of Quarter Sessions of the Peace. On the same day, the defendant

entered into a recognizance with sureties, conditioned for his appearance at the February Term of said court.

Feb. 11, 1927, the jury found the defendant guilty of the unlawful possession of intoxicating liquor.

Feb. 14, 1927, the defendant, by his counsel, filed a motion in arrest of judgment, alleging in substance:

(a) That the information was insufficient to support the indictment, and that the defendant's arrest was illegal because the information was made before the offence was committed.

(b) That there was no proof that the defendant had committed the offences charged on or before the information was made, the proof being that on Jan. 18, 1927, the defendant had unlawful possession of intoxicating liquor.

(c) That the indictment furnished the defendant with no sufficient information to enable him properly to defend himself; and

(d) That the record is not sufficient to protect the defendant from a second prosecution for violations of law committed on Jan. 18, 1927.

"Where an indictment for murder has been regularly found by a grand jury upon examination of witnesses after information made before a magistrate, the court, at the trial, will not entertain a motion to quash the indictment because it was not found after the information sworn to and subscribed before the committing magistrate:" Com. v. Brennan, 193 Pa. 567.

"Where an indictment for murder has been regularly found after a hearing before a justice, it is too late, at the trial, to move to quash the indictment for the insufficiency of the information:" Com. v. Mallini, 214 Pa. 50. See, also, Com. v. Hans, 68 Pa. Superior Ct. 275; Com. v. Keegan, 70 Pa. Superior Ct. 436.

In the instant case, the defendant did not move to quash the indictment. However, such a motion, if made, would have been overruled.

At the trial, the Commonwealth produced proofs showing that on Jan. 18, 1927, the defendant was unlawfully in possession of intoxicating liquor, and that the same proofs were produced before the justice at the preliminary hearing. The defendant was not misled by the allegations contained in the indictment.

Moreover, the record of the conviction of the defendant in this case is a bar to a second prosecution against him for similar offences committed prior to the finding of the true bill by the grand jury. "It is not necessary, except where time enters into the nature of an offence, to prove the exact time laid in the indictment. Any other time may be shown on the trial if it is prior to the finding of the indictment and within the time prescribed by the statute of limitations:" Com. v. Ryhal, 274 Pa. 401.

"An indictment for possessing, transporting and selling liquor, charging the date of the offence as subsequent to the day on which the information was made, is not defective. Being prior to the finding of the indictment subsequent to the statute describing the offence and fixing the penalty and within the period described by the statute of limitations, the indictment is well laid. Where time is not the essence of the offence, the Commonwealth can show any time prior to the finding of the indictment and within the period of limitation:" Com. v. Bridges, 82 Pa. Superior Ct. 92.

Nor is there any ground for arresting the entry of judgment on the verdict. "A motion in arrest of judgment must be based on some matter appearing on the record. A variance between the information upon which the warrant issued and the indictment is not such matter:" Com. v. Bradley, 16 Pa. Superior Ct. 561. "A motion in arrest of judgment is not the proper mode of

Commonwealth v. Vinisky.

raising the question as to the sufficiency of the evidence to warrant a conviction:" Com. v. Walker, 33 Pa. Superior Ct. 167.

"If the . . . refusal of the motion in arrest of judgment be the only matter assigned for error, the case will be reviewed on the record proper:" Com. v. Hanley, 15 Pa. Superior Ct. 271. See, also, Com. v. Gurley, 45 Pa. 392; Com. v. Separito, 7 D. & C. 709.

"In criminal cases, an arrest of judgment is founded on exceptions to the indictment:" Delaware Division Canal Co. v. Com., 60 Pa. 367. See, also, Com. v. Pennsylvania R. R. Co., 72 Pa. Superior Ct. 353.

Decree.—And now, March 28, 1927, the defendant's motion for arrest of judgment is overruled.                    From William S. Rial, Greensburg, Pa.