## Commonwealth v. Page

356

Before Gibson, P. J., Carson and Cummins, JJ.

*Robert L. Ceisler*, for Commonwealth.

*Joseph C. Spriggs*, for defendant.

CARSON, J., May 7, 1951.—Defendant, David Page, was tried and found guilty by the jury upon an indictment in which it was charged that defendant, "being then and there the operator or mine superintendent, did wilfully and unlawfully fail to provide efficient safety catches for a cage or cages used for lowering or hoisting persons into the mine of which he was the operator or superintendent".

Defendant has filed motions for: 1. Arrest of judgment; 2. new trial.

### 1. Arrest of Judgment

The motion in arrest of judgment filed in behalf of defendant after a verdict of guilty must be overruled. A motion in arrest of judgment and motion for new trial may run concurrently. The motion in arrest of judgment must be based upon the record. The court will not consider the evidence given during the course of trial as the evidence is not a part of record: Commonwealth v. Lindsay, 42 Lanc. 538; Commonwealth v. Separito, 7 D. & C. 709; Commonwealth v. Pennsylvania Railroad Co., 72 Pa. Superior Ct. 353; Commonwealth v. Bishop, 69 Pa. Superior Ct. 435.

Counsel for defendant in his argument upon the motion in arrest of judgment, contended that the act of assembly lacked clarity and did not sufficiently inform the mine inspector or mine superintendent of the precise nature of their duties relating to "efficient safety catches", and that it was not clear whether the

duty of inspection was delegated to the mine superintendent or to the mine inspector. No authority was cited to show that the court could determine that the Mining Code of June 2, 1891, P. L. 176, was so loosely drawn that it could not be understood.

An application for a new trial is an appeal to the discretion of the court: Commonwealth v. Duff, 7 Pa. Superior Ct. 415. The granting or refusal of the motion depends upon the legal discretion of the court guided by the nature and circumstances of the particular case. There was evidence to support the verdict, and defendant was found guilty, but the court had erroneously refused to permit defendant to introduce a defense which the court now finds should have been admitted. A new trial must be had. Defendant's motion in arrest of judgment is therefore refused because the circumstances require that a new trial should be had in order that the competent evidence offered by defendant may be introduced: Maurer's Notes on Pennsylvania Criminal Law and Procedure, vol. 1, secs. 317 to 346, incl.

## 2. New Trial

The testimony presented by the Commonwealth, and not denied by defendant, showed that defendant, as mine superintendent, was in charge of a mine with a shaft 463 feet in depth. In this shaft were operated two elevators or cages to haul men and supplies. Each of the cages was equipped with four safety catches which automatically released and grabbed the upright posts so that the cage could not fall more than four inches. Two of the safety catches on one cage began grabbing during normal operations, and since both cages were operated on the same drum, neither elevator could be used. The damaged cage was brought to the surface and defendant ordered the two damaged catches removed, and the operation of the cage was resumed with the two remaining catches.

The Commonwealth informed the court that it was presenting its case upon the assumption that under the mining law the determination of whether the cage was equipped with "efficient safety catches" was left entirely to the discretion of the mine inspector. When requested at the trial to designate the section of the code giving such authority to the mine inspector, the district attorney was unable to designate such section, but assured the court that such provision was in the act. Relying upon such representation, the trial proceeded upon that theory.

The mine inspector of the Department of Mines of the Commonwealth of Pennsylvania had inspected and approved the operation of the cage with the four safety catches, but had not been consulted before the two safety catches were removed. On the witness stand he gave as his opinion that the remaining two safety catches did not provide the cage with "efficient safety catches".

Defendant filed proper motions for demurrer, arrest of judgment and new trial. When the case was reached on the argument list, counsel for the Commonwealth frankly stated that a thorough search had been made of the Mining Code and that he had been unable to find a specific section giving the mine inspector the authority and discretion of determining what were "efficient safety catches".

The difficulty in this trial was not misinterpreting the meaning of the clause "shall also provide for each cage efficient safety catches", but rather the failure of the Commonwealth to designate the asserted statutory authority of the inspector to approve or disapprove of the efficiency of the safety catches. It seemed so obvious to the district attorney and to the trial judge that the installation, efficiency and use of safety catches supporting passenger elevators in a 500-foot shaft should require the approval of the mine inspector, that it was

easy to accept the contention that such approval was required by the act, and to try the case upon that theory. We have examined the act in its entirety and are unable to find therein that specific authority and power have been delegated to the inspector to approve or disapprove such safety catches. It has been argued that such authority is given by inference, and there are strong inferences that he should have such authority, but the act being penal in nature and statutory in origin, it must be construed strictly.

"Words and phrases shall be construed . . . according to their common and approved usage": Act of May 28, 1937, P. L. 1019, sec. 33, 46 PS §533.

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Act of May 28, 1937, P. L. 1019, sec. 51.

The hardship or equity of a case cannot override the plain words of a statute, but the legislature, not the court, must correct the evil: City of Scranton v. Silkman, 113 Pa. 191; Morris v. Balderston et al., 2 Brewster 459.

A penal statute cannot be extended by construction so as to embrace cases not within the wording of the act, although apparently the case comes within the reason and policy of the law, for, the statute being penal, it must be construed strictly. See Klein v. Livingston Club, 177 Pa. 224, 230.

The Commonwealth was permitted to give the opinion of the mine inspector that the cages used were not "efficient safety catches", and, upon the assumption that his determination was final, and defendant was not permitted to call witnesses to support his contention that in compliance with the law, he had provided "for each said cage efficient safety catches". The offer of defendant to call experts to so testify should not have been overruled, as such testimony, under our present

interpretation of the mining code, was competent, and it was for the jury to determine whether the safety catches then in use were "efficient safety catches".

While the court is of the opinion that it was not the intention of the legislature to place such technical decision with the jury, nevertheless, the legislature not having clearly worded this criminal statute, the court cannot supply the deficiency. The statute must be interpreted as written, and unless, and until the legislature corrects this defective legislation, 12 jurors, who may not be capable of knowing or understanding the technical descriptions and engineering principles, must determine the efficiency of safety catches in mine shaft elevators. While the "citizens of average intelligence" mentioned by the Supreme Court must understand the meaning of the act of assembly, we doubt if "citizens of average intelligence" are possessed of the necessary knowledge and understanding to determine whether a certain type or a certain number of safety catches are efficient or ample to insure the safety of the 60 persons traveling the elevators in a 500-foot deep shaft. Nevertheless, the legislature having so written the law, the jury must resolve the conflict between the experts for the Commonwealth and the experts for the mining companies, and such decisions will be there decided unless the legislature amends the law.

Other sections of the statute place upon the inspector the duty to require certain signalling devices and certain safety gates, but, significantly the act fails to give such discretion to the inspector to insure the safety of the passengers after they have gone through the gates and the signal to raise or lower the men in the elevators has been given.

The testimony as to the use or abuse of his discretion by defendant in determining the kind, number, and efficiency of the catches upon the cage in question, should have been submitted to the jury.

The act of assembly under which defendant was indicted merely requiring each cage to have "efficient safety catches" the issue in this case is whether the safety catches provided and used on the day in question were "efficient safety catches". Defendant's motion for new trial must be granted.

Having disposed of the case for the foregoing reasons, it is unnecessary to discuss the other reasons set forth in defendant's motion for new trial.

### Order

And now, May 7, 1951, the verdict of the jury is set aside and a new trial is granted to defendant, David Page, and the motion for arrest of judgment made by defendant is refused.