## Commonwealth, Appellant, v. Pennsylvania Railroad Co.

*Criminal law—Negligence—Rivers—Diversion of channel—Railroads—Straightening tracks—Bed of stream—Right to appropriate—Water Supply Commission—Navigable streams—Federal legislation.*

The State has the right to appropriate the bed of a stream and to delegate to its selected agent the right of appropriation which it possesses.

Upon the indictment of a railroad company, charged with maintaining a public nuisance, it was alleged that the nuisance was caused by the erection of an artificial fill along the banks of the Allegheny River, which diverted the channel of the river and endangered the property and lives of persons living along the west bank thereof.

Under the provisions of the Act of May 8, 1854, P. L. 648, the railroad company was empowered in as full and perfect manner as possessed by the Commonwealth to construct its road along and over any navigable river, water-course or highway or in the construction of its road to use so much of the channel of said river, etc., as might be necessary for such purpose, providing no interruption should be given in ascending or descending of the river.

This power, together with that conferred under the Act of March 7, 1869, P. L. 12, section 1, giving any railroad the right to straighten and widen its tracks, constituted authority for the work which the company did in constructing the fill in question. The bed of the river was available by express legislative grant for the original location of the road. The conferring of the right to occupy the bed of the stream was a recognition that such occupation was required for the construction of the road, and the right to straighten necessarily carried with it the original power to occupy the stream.

The railroad company having obtained express legislative authority for the construction and improvement of its tracks, including the changes in the channel of the stream, and having obtained permits from the State and federal governmental agencies specifically approving the work done, the court below properly gave binding instructions for the defendant.

The Act of June 25, 1913, P. L. 555, prohibiting the change or diversion of any stream without the consent of the Water Supply Commission is a regulatory act. Notwithstanding such act an indictment could be had for a common law nuisance in a stream. But for a violation of the provisions of this act in not obeying the orders of the commission, the criminal provisions of the act afford a remedy.

Argued October 4, 1921. Appeal, No. 68, April T., 1922, by the Commonwealth, from order of Q. S. Armstrong County, March Sessions, 1917, No. 44, directing verdict for defendant, in the case of Commonwealth v. Pennsylvania Railroad Company. Before ORLADY, P. J.,

PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for maintaining a public nuisance. Before KING, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for the defendant. Plaintiff appealed.

*Errors assigned* were directing verdict for defendant and various rulings on evidence.

*C. E. Harrington* and *H. A. Heilman,* and with them *Clarence O. Morris,* District Attorney, for appellants.— An erection in a river, which is a highway, is prima facie indictable as a public nuisance: Com. v. Church, 1 Pa. 105; Northern Central Railway v. Com., 90 Pa. 300; Beech v. Kuder, 15 Pa. Superior Ct. 89.

The federal permit did not warrant the defendant to create and maintain a public nuisance: Cummings v. Chicago, 188 U. S. 410; Montgomery v. Portland, 190 U. S. 89; Phila. Company v. Stimson, 223 U. S. 605.

The Act of June 23, 1913, P. L. 555, is merely a regulative measure conferring no affirmative powers: U. S. v. Fisher et al., 2 Cranch 390.

The act is unconstitutional: Phila., etc., Street Ry. Co.'s Petition, 203 Pa. 354; W. Va. P. & P. Co. v. Public Service Commission, 61 Pa. Superior Ct. 555; Hoffman v. Susquehanna R. & W. R. R. Co., 43 Pa. Superior Ct. 19.

*Don C. Corbett* and *Peter M. Speer,* and with them *Harry E. Rugh, J. Villard Frampton,* and *James H. Courtney,* for appellee.—The State has the right to appropriate bank or bed of streams: Phila. & Trenton R. R. Co., 6 Wharton 43.

The State can delegate this power, and the grantee has the same power as the State: Tinicum Fish Co. v. Carter, 61 Pa. 21; Monongahela Bridge Co. v. Kirk, 46 Pa. 112.

The Pennsylvania Railroad succeeded to the rights of the Allegheny Valley Railway Co.: Com. v. Allegheny Valley Railway Co., 14 Pa. Superior Ct. 336; Com. v. R. R. Co., 138 Pa. 58.

OPINION BY TREXLER, J., March 3, 1922:

The Pennsylvania Railroad Company is indicted for maintaining a public nuisance in that it has reduced the water area of the Allegheny River by an artificial fill and has diverted and changed the channel thereof so that the waters of said river and the ice and debris, carried thereon during high water, are forced with increased violence and velocity to the western bank thereof, thereby endangering the lives and properties of the inhabitants of the first ward of the City of Parker.

The railroad runs along the east bank of the river and at the place where the fill was made the railroad described a curve. The company by filling up part of the river, eliminated the curve and straightened its tracks. The extent of the encroachment upon the river was about forty feet in width and about a mile along the river bank, tapering from the widest part to nothing. The court gave binding instructions for the defendant.

We may start with the proposition that the State has the right to appropriate the bed of a stream. The stream is a highway and is the property of the State, over which it has dominion. The State has the right to delegate to its selected agent the right of appropriation which it possesses: Monongahela Bridge Co. v. Kirk, 46 Pa. 112. What, if any, were the rights conferred upon the defendant to take part of the bed of the stream for railroad purposes?

The Pittsburgh, Kittanning & Warren Railroad Co. subsequently acquired by the defendant, was incorporated by an Act of Assembly, 4th of April, 1837, P. L.

345. By the supplement of April 15, 1851, P. L. 1852, page 720, said company was authorized to construct a road from Pittsburgh to Kittanning. By Act of May 8, 1854, P. L. 648, the company is empowered in as full and perfect manner as possessed by the Commonwealth to construct its road along and over any navigable river, watercourse or highway, or in the construction of its road to use so much of the channel of said river, watercourse or highway or to change same as may be necessary for such purposes providing no interruption shall be given to the ascending or descending of said river or watercourse. The Act of Assembly, March 17, 1869, P. L. 12, section 1, provides that any railroad incorporated under the laws of this Commonwealth may straighten, widen, deepen, enlarge and otherwise improve the whole or portion of their lines of railroad whenever in the opinion of the board of directors of such company the same may be necessary for the better securing the safety of persons and property and increasing the facilities and capacity for the transportation of the traffic thereon. "The Act of 1869 is to be read as a supplement to all charters granted by special laws before the General Act of 1849": Marlor v. Phila., Wil. & Balt. R. R., 166 Pa. 524. It is evident that the elimination of the curve was for the benefit of the patrons of the road. We feel that the acts of assembly above quoted are authority for the work that the company did in the matter. The authority conferred upon the railroad company carried with it the right to select the location and to locate the road between the terminals therein set forth and subsequent legislation gave the authority to change the location and straighten the track. The bed of the river was available by express legislative grant for the original location of the road. The conferring of the right to occupy the bed of the stream was a recognition that such occupation was required for the construction of the road, and it was in fact so used. The right to straighten, necessarily carries with it the origi-

nal power to occupy the stream. It is not shown that the act of the railroad company interfered with the navigation of the river.

It remains for us to inquire whether subsequently state or federal legislation in any way affects the case. In the Act of June 25, 1913, P. L. 555, it is provided that any person or corporation is forbidden to change or divert the course, character or cross stream of any stream or body of water without the consent or permit from the Water Supply Commission of Pennsylvania in writing previously obtained. It appears that the permit was granted to the company for the present fill in the Allegheny River and that therefore as far as compliance with the Act of 1913 is concerned the company has done its duty. There is, however, an allegation that the defendant has exceeded the limitations prescribed in the permit granted. The Act of 1913 is a regulatory act. We held, when this case was before us in 72 Pa. Superior Ct. 353, that notwithstanding the act, an indictment could nevertheless be had for a common law nuisance in a stream. However, for a violation of the provisions of this act, in not obeying the orders of the commission, the criminal provisions of said act afford the remedy. See Ensworth v. Com., 52 Pa. 320.

The Act of Congress, March 3, 1899, Federal Statutes, volume 6, page 805 (authority for construction of bridges, dikes, dams, etc.—plans) provides that it shall not be lawful to construct any bridge, dam, dike or causeway over or in any navigable river of the United States until the consent of Congress for the building of such structure shall have been obtained and until the plans for same shall have been submitted to and approved by the chief of engineers and by the secretary of war. It appears that the defendant conformed to the act of Congress and holds the certificate of the secretary of war that the work was done in substantial compliance with the terms of the permit.

In view of the opinion we have expressed as to the right of the defendant to use part of the stream for straightening its tracks, it is useless for us to discuss the other questions presented. The assignments are overruled and the judgment is affirmed.