## Commonwealth v. Blue Coal Corporation

*Patrick J. Toole, Jr.* and *James R. Anzalone,* for Commonwealth.

*Franklin B. Gelder* and *Bernard J. Brown,* for defendant.

HOURIGAN, J., February 7, 1973.—This case is before the court on defendant's motion in arrest of judgment. Defendant had been found guilty of the crime of maintaining a public nuisance and filed motions in arrest of judgment and for new trial. However, at argument and in its brief, defendant pursued only three of its assigned reasons in its motion in arrest of judgment, namely: (1) The indictment returned in this case is patently defective in that there is a fatal variance between the charges and the indictment returned by the grand jury; (2) the evidence was insufficient as a matter of law to sustain the verdict; and (3) the verdict is contrary to law for the reason that the control and conduct of anthracite strip mining has been preempted by the Commonwealth under the Anthracite Strip Mining and Conservation Act.

Defendant filed a motion to quash the indictment prior to trial and had the opportunity in that motion

to present to the court its first and third reasons argued. Defendant has presented no new reason for this court to reconsider its previous decision, and, therefore, we are bound by the decision written by Hon. Edward P. Little for the court en banc.

Defendant's second reason of alleged error argued was that the evidence offered at the trial was insufficient as a matter of law to sustain the verdict, and the trial judge erred in refusing defendant's point for binding instruction. (This reason was a combination of defendant's first and eighth reasons alleged in its motion in arrest of judgment.)

Defendant was indicted for maintaining a public nuisance in that defendant carried on heavy blasting activities which caused annoyance and inconvenience to the general public in the area of the blasting.

At trial, both the Commonwealth and defendant acknowledged that defendant's mining activities were covered by the Anthracite Strip Mining and Conservation Act of June 27, 1947, P. L. 1095, 52 PS §681.1, et seq.

In fact, the Commonwealth, as part of its case introduced into evidence the stripping permits which defendant had received from the Department of Mines and Mineral Industries, now the Department of Environmental Resources.

Section 20 of the Anthracite Strip Mining and Conservation Act, 52 PS §681.20, provides:

"The use of explosives for the purpose of blasting in connection with strip mining in the neighborhood of any public highway, stream of water, *dwelling house*, public building, school, church, commercial or institutional building or pipe line shall be done in accordance with regulations promulgated by and under the supervision of the Department of Mines and Mineral Industries." (Italics supplied.)

This section specifically authorized blasting if done in accordance with the rules and regulations of the Department of Mines and Mineral Industries, now the Department of Environmental Resources.

"Where the Legislature has authorized an act, such act cannot constitute a public nuisance although it would otherwise be such, so long as the terms of the authorization are not abused or exceeded. The Danville, Hazleton and Wilkesbarre Railroad Co. v. The Commonwealth, 73 Pa. 29; Commonwealth v. Pennsylvania Railroad Co., 78 Pa. Superior Ct. 389; 39 Am. Jur., Nuisance, §204, p. 480. In the Danville case, supra, at p. 38 it was expressly stated: '. . . A structure authorized by the legislature cannot be a public nuisance. A public nuisance must be occasioned by acts done in violation of law. A work which is authorized by law cannot be a nuisance'": Collegeville Borough v. Philadelphia Suburban Water Company, 377 Pa. 636, 655 (1954).

The Commonwealth is charged with the responsibility of proving every essential element of a crime: Commonwealth v. Radford, 428 Pa. 279 (1968).

"To sustain a conviction, the facts and circumstances which the Commonwealth prove must be such that every essential element of the crime is established beyond a reasonable doubt. Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in the proper case rely wholly on circumstantial evidence, the conviction must be based on more than mere suspicion or conjecture": Commonwealth v. Bailey, 448 Pa. 224, 227 (1972).

At trial, the evidence showed that the residents in the area of Alden Village did sustain damage to their premises as a result of defendant's blasting activities; however, the Commonwealth did not produce any evidence to show that the blasting conducted by defendant

in any manner violated the rules and regulations of the Department of Mines and Mineral Industries, and thus there was no evidence from which the jury could infer that defendant exceeded or abused the authority to blast as set forth in the statute. In fact, the Commonwealth introduced the stripping permits of defendant and also called as witnesses employes of the Department of Environmental Resources, who testified that the blasting was done under their direct supervision.

Unfortunately, although the residents in the immediate area have suffered hardship and damage because of defendant's blasting activities, this present criminal action cannot be the remedy: Commonwealth v. Reed, 34 Pa. 275 (1859); Commonwealth v. Kinports et al., 12 Pa. C. C. 463 (1892); Collegeville Borough v. Philadelphia Suburban Water Company, supra.

The residents may have the right to challenge the regulations of the now Department of Environmental Resources, and if that does not provide the proper protection, to take the appropriate steps to have the regulations changed. In addition, the residents may have the right to seek damages as the result of the blasting activities. See Mazza v. Berlanti Construction Company, Inc., 206 Pa. Superior Ct. 505 (1965); Laventhol v. A. DiSandro Contracting Company, 173 Pa. Superior Ct. 522 (1953); Harclerode et ux. v. Detwiler et al., 61 D. & C. 541 (1947).

However, in view of the legislative enactment providing for blasting if done in accordance with the regulations promulgated by the Department of Mines and Mineral Industries, now the Department of Environmental Resources, and the failure of the Commonwealth to present any evidence of violation of the regulations, this court has no choice but to find that

the Commonwealth's evidence was insufficient as a matter of law to sustain the verdict.

## ORDER

Now, February 7, 1973, at 11 a.m., defendant's motion in arrest of judgment is granted and defendant is discharged.