# Commonwealth *v.* Walker, Appellant.

*Criminal law—Statutory rape—Age of prisoner—Evidence.*

On the trial of an indictment for statutory rape of a female under sixteen years of age, where the commonwealth rests without offering any evidence of the age of the prisoner, or as to his identity as the person indicted, and without offering his appearance in evidence, it is reversible error for the court to submit the age of the prisoner to the jury on his appearance, without more.

*Criminal law—Practice, O. & T.—Arrest of judgment—Sufficiency of the evidence.*

A motion in arrest of judgment is not the proper mode of raising the question as to the sufficiency of the evidence to warrant a conviction.

. Submitted Oct. 2, 1906.    Appeal, No. 15, April T., 1907, by Frank B. Walker, from judgment of O. & T. Allegheny Co., Dec. T., 1905, No. 69, on verdict of guilty in case of Commonwealth v. Frank B. Walker.    Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Reversed.

Indictment for statutory rape.    Before Evans, J.
The facts are stated in the opinion of the Superior Court.

168    COMMONWEALTH *v.* WALKER, Appellant.

Charge of Court below—Opinion of the Court. [33 Pa. Superior Ct.

The court charged in part as follows :

[In order to make the defendant guilty of rape under this statute, for having connection with this girl with her consent, or without force, you must find that he is either sixteen years of age or over sixteen years of age. We have no evidence on that subject except the appearance of the young man who is in court. It might be difficult, it might be impossible, for the commonwealth to find evidence direct as to the date of the birth of the defendant in such a case as this. A man might come a stranger into a community, and it would be absolutely impossible for anybody to find out, or get any evidence at all, except from his own appearance, as to the age of the defendant. Therefore, it is the privilege of the jury, the defendant being before them, to judge by his appearance.]

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (1) in overruling motion in arrest of judgment; (2) portion of charge as above, quoting it; (4) in not instructing the jury that the defendant could be found guilty of fornication and bastardy, and (6) in submitting the case to the jury.

*W. A. Hudson*, for appellant.

No appearance nor paper-book for appellee.

OPINION BY MORRISON, J., March 5, 1907 :

The defendant, Frank Walker, was indicted, tried and convicted of statutory rape under the provisions of the Act of Assembly of May 19, 1887, P. L. 128 : " If any person shall have unlawful carnal knowledge of a woman, forcibly and against her will, or who, being of the age of sixteen years and upwards, shall unlawfully and carnally know and abuse any woman child under the age of sixteen years, with or without her consent, such person shall be adjudged guilty of felonious rape, and, on conviction, be sentenced to pay a fine not exceeding $1,000, and undergo an imprisonment by separate or solitary confinement at labor, or by simple imprisonment, not exceeding fifteen years."

Defendant's counsel moved in arrest of judgment on the

ground that there was no evidence that the defendant was of the age of sixteen years and upwards.

The first assignment of error goes to this question but it is very informal and only amounts to a legal conclusion that the court erred in overruling the motion in arrest of judgment. The motion itself and what the court said in disposing of it are not quoted in the assignment. But if we consider this assignment sufficient in form, it is still bad. A motion in arrest of judgment is not the proper mode of raising the question as to the sufficiency of the evidence to warrant a conviction: Commonwealth v. Mock, 23 Pa. Superior Ct. 51 ; Commonwealth v. Bradley, 16 Pa. Superior Ct. 561; Commonwealth v. Hanley, 15 Pa. Superior Ct. 271; Commonwealth v. Schollenberger, 17 Pa. Superior Ct. 218; Sadler's Criminal Procedure in Penna., chapter 23, sections 515, 516 and 517; Delaware Division Canal Co. v. The Commonwealth, 60 Pa. 367 ; Aronson v. Cleveland & P. R. R. Co., 70 Pa. 68. The first assignment of error is not sustained.

The second, third and sixth assignments raise the question of whether the defendant could be legally convicted of rape by proof of illicit connection with a female under sixteen years of age, with her consent, without competent evidence that the defendant, described as a young man, was sixteen years old and upwards. The commonwealth rested without offering any evidence of the age of the defendant, nor was any evidence offered identifying the defendant to the jury. The defendant offered no evidence, and his counsel presented to the court the following point : " The defendant requests the court to instruct the jury that the commonwealth having failed to prove that the defendant was over the age of sixteen years at the time of the commission of the alleged offense, that the verdict of the jury should be acquittal." The learned court refused this point and charged the jury that the defendant could not be convicted unless he was sixteen years or more of age at the time of the carnal connection with the girl who was at the time under sixteen years of age. The court also charged that we have no evidence on the subject of the defendant's age, except the appearance of the young man who is in court; therefore, it is the privilege of the jury, the defendant being before them, to judge by his appearance.

The indictment contained four essential ingredients, each of which must be proved by evidence to warrant a conviction: (a) The jurisdiction of the court; (b) that the female was under sixteen years of age at the time of the illicit sexual intercourse with her; (c) that the defendant had illicit sexual intercourse with her; (d) that the defendant was at the time sixteen years of age and upwards. The above requirements were sustained by competent evidence, except (d) the age of the defendant. As to this essential point there was no evidence offered. The defendant was not identified and pointed out to the jury by any witness and it cannot be said, with any degree of certainty, that the jury saw the right man or boy, when they were told by the court to judge of his appearance. Again, the commonwealth gave no notice during the trial that the appearance of the defendant would be called to the attention of the jury as a method of determining his age. This question was first presented to the jury by the court in the charge, and the defendant then had no opportunity to reply to it. We are of the opinion that, as the case was tried, the defendant had the right to rely on the fact that the commonwealth had offered no proof of his age and, therefore, his point should have been affirmed.

It is remarkable that the case was allowed to go to the jury without the offer of some evidence tending to show the age of the defendant. The learned court said in the charge it might be difficult, it might be impossible, for anybody to find out or to get any evidence at all, except as to his own appearance as to the age of the defendant. But the commonwealth could have called witnesses who, after looking at the defendant, could have testified as to their opinion of his age. " A witness may testify to a person's age or intoxication merely from his appearance :" 1 Wigmore on Evidence, section 660. If this authority is sound, and we think it is, then there was no excuse for the commonwealth resting the case without some evidence of the age of the defendant.

We are not aware that this exact question has been decided by our Supreme or Superior Courts. But in Oliver v. Commonwealth, 101 Pa. 215, the principle ruled comes quite close to our question. That was an indictment under the statute for seducing a female, of good repute, under twenty-one years

of age, with illicit connection, under promise of marriage.   The commonwealth rested without proving affirmatively the good repute of the female.   There was a conviction in the court below, but the Supreme Court in reversing the judgment said : " The good repute of the female alleged to have been seduced is thus made an essential ingredient of the offense, and hence it is not only necessary that it should be specifically averred in the indictment, but it was incumbent on the commonwealth to prove the fact affirmatively by such evidence as would justify the submission of that question to the jury.   The ordinary presumption of her good repute for chastity, without more, was insufficient for that purpose."

We are unable to see that under the statute of 1887 the age of the defendant was of less importance than the good repute of the female.   The age of the defendant was an essential ingredient of the offense, and the commonwealth offered no evidence to the jury tending to prove that he was sixteen years of age and upwards at the time of the commission of the offense.

The rule as to exhibiting the defendant to the jury and allowing them to draw inferences of fact from his appearance, has been much discussed in the courts of our sister states, and their decisions upon the subject are by no means uniform ; some courts holding it proper to let the jury find facts from the appearance of the defendant, while courts of equal standing, in other states, hold just the contrary.

An examination of many authorities and several text-writers, among the latter, Professor Wigmore on Evidence, leads to the conclusion that the better rule is, the defendant may be identified and his appearance called to the attention of the court and jury as a part of the commonwealth's case and the jury may take into consideration such appearance in determining whether the defendant is of sufficient age to be guilty under the statute.   And the same rule obtains in regard to whether the female is under or over the age prescribed by the statute.   2 Wigmore on Evidence, sec. 1168, is strongly against the doctrine that it is error to make autoptic proference of the thing itself or the person before the tribunal, trying the case, because the losing party cannot obtain a proper revision of the proceedings by the higher court.   This author says : " The general result is, then, that it is no objection to the process

of autoptic proference, at a view, or in court, that the bill of exceptions cannot be made to transcribe faithfully the sources of belief thus laid before the jury."

Among the citations by this author we find: Flower v. R. R. Co., 132 Pa. 524. The Supreme Court (p. 528) said: "It appears that the jury viewed the premises in dispute, and were subsequently instructed by the court that they could not 'render a verdict upon their own judgment from that view,' but that 'after you have weighed all the evidence, aided by your own view of the premises, you are to give the plaintiff just, full, and fair compensation for the lands this railroad company has taken, and for the injury to the remaining ground if you find it injured.' The learned judge further said: 'You are only permitted to view the land, that you may the better understand the testimony. The value of the land you are to ascertain from the witnesses.' We see no error in this. The jurors were sworn to render a true verdict according to the evidence. It was never intended that the view of the jury should be substituted for the evidence, and that they should make up their verdict from the view in disregard thereof. The object of the view is, as was correctly said by the learned judge, to enable them the better to understand the testimony; to weigh conflicting testimony, and thus aided to arrive at a sound and just conclusion." See also Hoffman v. R. R. Co., 143 Pa. 503; and Shano v. Bridge Co., 189 Pa. 245.

Commonwealth v. Arner, 149 Pa. 35, is a case where the Supreme Court plainly recognized the necessity of proving the age of the defendant in order to raise fornication with a female under sixteen years of age to a felony. In the opinion the court (p. 39) said: "If the age of the prosecutrix, and the age of the appellant, appeared in evidence, on his trial for a misdemeanor, he would be within the letter, as he is within the principle and spirit, of section 51, of our Act of March 31, 1860, P. L. 427, which provides that, 'if, upon the trial of any person for any misdemeanor, it shall appear that the facts given in evidence amount in law to a felony, such person shall not by reason thereof be entitled to be acquitted of such misdemeanor. It is clear that the Supreme Court assumed that to convict the defendant of the felony, his age must be proved by competent evidence. In the present case we have seen that there was

nothing put before the jury, as evidence, from which they could find that the defendant was of the age of sixteen years and upwards. .

In 2 Wigmore on Evidence, section 1154, it is said : " A person's appearance as evidence of age (for example, of infancy, or of being under the age of consent to intercourse) is usually regarded as relevant, and if so, the tribunal may properly observe the person brought before it."

In 1 Wigmore on Evidence, section 222, p. 275, it is said: " Experience teaches us that corporal appearances are approximately an index of the age of their bearer. Particularly for the marked extremes of age and youth. In every case such evidence should be accepted and weighed for what it may in each case be worth. In particular the appearance of an alleged minor may be considered in judgment of his age. A contrary rule would be pedantically overcautious."

Our conclusion in the present case is that the commonwealth might have called witnesses to identify the defendant and then have offered his appearance in evidence for what it was worth, as a part of the case. But when the defendant is a boy, his appearance, without more, must be considered as weak evidence upon which to rest a verdict of a felony where an essential ingredient of the offense is that the defendant's age was sixteen years and upwards. 'If the age of the defendant is to be submitted to the jury on his appearance, without more, the court should see that autoptic proference is made of the defendant in an orderly manner so that he may have the opportunity of presenting evidence and argument as to his age, if he so desires. Whether or not the appearance of the defendant, without more, should go to the jury, as evidence of his age, must be determined by the trial judge in each particular case and this discretion ought to be exercised with due caution so that a mere boy may not be found guilty of the felony defined in the act of 1887 on the guess of a jury as to his age.

The above considerations lead us to the conclusion that where the commonwealth relies on the appearance of the defendant to sustain a material ingredient of the offense charged, the defendant should be identified and his appearance, relied on, put in evidence in the regular manner of offering other evidence. Indeed, we do not see that autoptic proference can be

made properly of a person except by identifying and calling the attention of the court and jury to the appearance of the person relied on as evidence in the issue being tried.

The second, third and sixth assignments of error are sustained to the extent of holding that the court erred in submitting the age of the defendant to the jury on his appearance, without more, the record failing to show that the defendant was identified and his appearance called to the attention of the jury as a part of the commonwealth's case.

We have thus far considered this case on the theory, adopted by the court below, that it was a case of statutory rape without more. The point presented by the defendant's counsel and the charge of the court clearly show that the case was tried and ruled on the first count in the indictment, utterly ignoring the second count for fornication and bastardy. The court might have refused the defendant's point on the ground that it asked for a binding instruction for the acquittal of the defendant while there was sufficient evidence to carry the count for fornication and bastardy to the jury. But not finding a word in the charge in regard to the second count justifies us in considering the case from the standpoint adopted by the court and from that standpoint the defendant, by his point, sufficiently raised the question which we have hereinbefore considered. If the learned court had refused the defendant's point because it asked for a verdict of not guilty and had then properly instructed the jury as to their duty under the first count, and then proceeded to submit the second count to the jury, under appropriate instructions, and there had been a conviction for fornication and bastardy, the defendant would have had no grounds of complaint.

The fourth assignment raises the question of the neglect of the court to instruct the jury that they could acquit the defendant of the felony and find him guilty of fornication and bastardy. But the court was not requested to so charge and it seems quite probable that the defendant's counsel purposely refrained from asking such instruction under the belief that the jury would bring in a general verdict of not guilty. The court ought to have instructed the jury that they might convict on the second count, but in view of the course adopted by the defendant's counsel, at the trial, it now comes with bad grace

for him to assign error because the court overlooked the second count in the indictment. If the record was free of error as to the first count, and there had been a conviction thereunder, we would not sustain the fourth assignment of error: Commonwealth v. Peach, 170 Pa. 173. But in view of the mistake of the trial judge in ignoring the second count the case must go back for another trial, and, therefore, the fourth assignment is sustained.

The fifth assignment does not require consideration and it is not sustained.

The judgment is reversed with a v. f. d. n.

RICE, P. J., dissenting :

As this case was triable exclusively in the oyer and terminer, it is to be presumed that the defendant was present in court, as the record states, and under the circumstances it is to be reasonably inferred that he was where he could see the jury and the jury could see him. It is apparent from the charge of the court that this was the case, and it is not to be supposed that the trial judge would have submitted the case to the jury in the manner he did unless it was so. Further, when the court told the jury that they might judge of his age from his appearance, no suggestion was made by his counsel that he was not where he could be seen by them, and no application for a new trial was made upon that ground, or the ground of surprise. As I view the case, it turns upon the question whether it is error and ground for reversal to permit a jury to find from the appearance of a defendant on trial before them for this offense that he was sixteen years of age, there being no other evidence introduced by either side as to that matter. Professor Wigmore says upon this subject : " Experience teaches us that corporal appearances are approximately an index of the age of their bearer, particularly for the marked extremes of old age and youth. In every case such evidence should be accepted and weighed for what it may be in each case worth. In particular, the appearance of an alleged minor may be considered in judging of his age ; a contrary rule would be pedantically over-cautious :" 1 Wigmore on Evidence, sec. 222. Numerous decisions are cited in support of the doctrine of the text, and amongst these, Commonwealth v. Hollis, 170 Mass.

433; State v. Arnold, 13 Iredell, 184, and Hermann v. State, 73 Wis. 248, are particularly pertinent here.    Reference should also be made to the Pennsylvania case of Snodgrass v. Bradley, 2 Grant, 43, where in an action brought for injuries to the plaintiff's son it was held that there was no error in the instruction that the infancy of the son might be reasonably inferred, and generally, that " there is no error in permitting the jury, in a proper case, to infer the infancy of a witness who has given testimony in their presence."    It is worthy of notice that neither the report of the case, nor the opinion, shows that the appearance of the witness in that case was formally put in evidence, or called to the attention of the court and jury as part of the plaintiff's case in chief.    Presuming in the case at bar, as we must, that the jury obeyed the instructions of the court, their verdict necessarily implies that they were convinced by the defendant's appearance, beyond a reasonable doubt, that he was of the statutory age.    For aught we know, this fact was so apparent that there was no room for doubt.    If, therefore, this conviction is to be set aside upon appeal (I say nothing as to the authority of the trial court to set it aside upon a consideration of the sufficiency of the evidence furnished by the defendant's appearance in the particular case), it must be upon the ground, I respectfully submit, that there is an inflexible rule of law which makes it incumbent on the commonwealth to produce other evidence of the defendant's age on the trial of every indictment for this offense.    The question, therefore, is important, and being firmly of opinion that such rule has not been established by controlling authorities, and that it would be unsound in principle, I am constrained to record my dissent from the judgment about to be entered.    Judge PORTER and Judge ORLADY authorize me to say that they concur in the foregoing dissent.