416 A.2d 1128

**COMMONWEALTH of Pennsylvania**

v.

**Alexander OLIVER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1979.

Filed Dec. 21, 1979.

Paul F. Lantieri, Philadelphia, for appellant.

Suzanne McDonough, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS * and LIPEZ, JJ.

PER CURIAM:

On December 6, 1977, a court sitting without jury convicted appellant of murder of the third degree and possession of an instrument of crime. After denying post-verdict motions, the court sentenced appellant to concurrent terms of imprisonment of 6 to 20 years on the murder charge and 2½ to 5 years on the weapons charge. Appellant contends that two incriminatory statements he gave police and introduced at trial should have been suppressed. We affirm.

We need not determine whether the statements should have been suppressed. In its post-verdict opinion, the trial court held the statements properly admitted and also concluded that "Furthermore, the Court had more than ample independent eyewitness evidence, irrespective of Mr.

---

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania, is sitting by designation.

Oliver's statement, to be convinced of his guilt beyond a reasonable doubt." Where a court sitting without jury hears prejudicial information, such as incriminating statements or evidence of prior convictions, judgment of sentence will be upheld if the court states that its decision was independent of the prejudicial information and the record supports the court's declaration. Compare *Commonwealth v. Green*, 464 Pa. 557, 347 A.2d 682 (1975) (conviction upheld where trial court stated that it did not consider confession in determination of guilt) with *Commonwealth v. Oglesby*, 438 Pa. 91, 263 A.2d 419 (1970) (conviction reversed where record showed that court found defendant guilty only upon consideration of prior criminal record) and *Commonwealth v. Triplett*, 462 Pa. 244, 341 A.2d 62 (1975) (conviction reversed where court did not state whether it had considered inadmissible prior statements used to impeach defendant). Here, the trial court unequivocally stated that the evidence independent of appellant's statements satisfied it of his guilt beyond a reasonable doubt. Similarly, nothing in the record indicates that the court's decision to credit the testimony of a disinterested witness and disbelieve appellant's claim that the rifle happened to discharge and strike the victim in a vital place was the product of its knowledge of appellant's statements.

Judgment of sentence affirmed.