461 A.2d 267

COMMONWEALTH of Pennsylvania, Appellant,

v.

Marshall Ray JONES.

COMMONWEALTH of Pennsylvania

v.

Marshall Ray JONES, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 22, 1983.

Filed June 3, 1983.

498

David Forrest Mowrey, Assistant District Attorney, Meadville, for Commonwealth, appellant (at No. 675) and for Commonwealth, appellee (at No. 731).

Bruce Alan Barrett, Assistant Public Defender, Meadville, for appellant (at No. 731) and for appellee (at No. 675).

Before SPAETH, BROSKY and JOHNSON, JJ.

SPAETH, Judge:

Appellant Marshall Ray Jones appeals from a judgment of sentence for corruption of the morals of a minor, and the Commonwealth appeals from an order arresting judgment

on Jones's conviction of involuntary deviate sexual intercourse. We affirm the judgment of sentence, and reverse the order arresting judgment.

Appellant Jones was charged with forcible rape, involuntary deviate sexual intercourse, and corruption of the morals of a minor. The victim was his stepdaughter. A jury convicted Jones of involuntary deviate sexual intercourse and corruption of the morals of a minor, but failed to reach a verdict on the charge of rape.

## 1

■■■■ Appellant Jones first argues that the lower court erred in denying his motion for a mistrial after one juror allegedly fell asleep during the court's jury charge. N.T. 3/21/80 at 137. In moving for a mistrial, defense counsel said that "juror ten seemed to fall asleep from my observations." The lower court, however, said that "[i]t [the alleged falling asleep] certainly hasn't been anything extraordinary or I think I would have noticed. I have been sitting here looking at the jurors. That's not to say that she may not have dozed or she may be like the judge who sometimes rests his eyes without sleeping. In any event, the motion for mistrial is denied." *Id.* The lower court has considerable discretion in controlling the conduct of a trial. *Commonwealth v. Rubright*, 489 Pa. 356, 414 A.2d 106 (1980); *Air Products and Chemicals, Inc. v. Johnson*, 296 Pa.Super. 405, 442 A.2d 1114 (1982); *DeFulvio v. Holst*, 239 Pa.Super. 66, 362 A.2d 1098 (1976). We are not persuaded that in denying the motion for mistrial, the court abused its discretion.

## 2

Appellant Jones next argues that the lower court erred in denying his motion in arrest of judgment on his conviction for corruption of minors. To be guilty of corruption of minors, the defendant must be 18 years old or older. 18 Pa.C.S.A. § 3125, Corruption of Minors, now 18 Pa.C.S.A.

§ 6301, Corrupting Children. Here the Commonwealth offered no evidence of appellant's age.

However, a person's age need not be proved only by direct testimony. Appellant revealed something about his age by his physical appearance, which the jury observed. *See Rich v. State*, 266 P.2d 476 (Okl.Cr.App.1954) (where age is material element of offense, it may be proved by circumstantial evidence that jury saw defendant in courtroom). *Accord, Appeal No. 267 (77) From District Court of Montgomery County*, 38 Md.App. 224, 380 A.2d 239 (1977). *See also Commonwealth v. San Juan*, 129 Pa.Super. 179, 182, 195 A. 433, 435 (1938) (personal appearance is evidence of age). *Cf. McMillen v. Steele*, 275 Pa. 584, 589, 119 A. 721, 722–723 (1923) ("Personal appearance should be received as some indication of a child's age; it may be slight evidence, but its weight is for the jury. It might be, under given circumstances, extremely difficult to tell age by observation, but this relates more generally to older persons. Where age is one of the necessary ingredients of a crime, appearance, standing alone, would hardly be considered sufficient to establish the fact.").

Appellant also revealed something about his age by his own testimony. He said that he married the victim's mother when the victim was four or five years old. N.T. 3/21/80 at 77. Since the victim was born on March 13, 1962, N.T. 3/19/80 at 4, 40, she was four years old in 1966, and five in 1967. Let us suppose that appellant married the victim's mother in 1967. The crimes against the victim occurred in 1975, or eight years after appellant married the victim's mother. If, therefore, appellant was 17 years old in 1975— *i.e.*, was under 18—he was only nine years old in 1967, when he married the victim's mother. We think the jury was entitled to reject such a supposition, assuming it ever occurred to them to engage in the arithmetic implicated in appellant's argument to us that the evidence was insufficient to prove that he was 18 years old or older.

■ The Commonwealth's sole argument as appellant is that there was sufficient evidence that the victim was under the age of 16 when some of the acts took place, and that therefore the lower court erred in arresting judgment on appellant's conviction for involuntary deviate sexual intercourse. We agree.

It is true that the record shows no direct correlation between the victim's age and the time of the acts in question. Yet there was sufficient indirect evidence that the victim was under 16 at least when some of the acts took place. This may be seen by fitting together four pieces of testimony:

1. The victim was born on March 13, 1962. N.T. 3/19/80 at 4, 40. Her 16th birthday would therefore have occurred on March 13, 1978.

2. Appellant's first sexual contact with the victim occurred in 1975, when the family was living at "Hatch Hill." *Id.* at 12.

3. Appellant had deviant sexual intercourse with the victim while living at "Hatch Hill." *Id.* at 35–36.

4. The family lived at "Hatch Hill" until approximately the middle of November 1977. *Id.* at 8–9; N.T. 3/21/80 at 81.

Since the acts occurred at "Hatch Hill," and since the victim's family moved away from Hatch Hill *before* her 16th birthday, the jury was justified in finding that the victim was under 16 when the involuntary deviate sexual intercourse occurred.

On Appellant Jones's appeal, the judgment of sentence for corruption of the morals of a minor is affirmed. On the Commonwealth's appeal, the order of the lower court arresting judgment on the conviction of involuntary deviate sexual intercourse is reversed, the conviction is reinstated, and the case is remanded for the imposition of sentence.