467 A.2d 638

**COMMONWEALTH of Pennsylvania**

v.

**John B. NELSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 15, 1983.

Filed Nov. 4, 1983.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROWLEY and CIRILLO, JJ.

ROWLEY, Judge:

Appellant was convicted, after a non-jury trial, of corruption of minors. He was acquitted of charges of rape, indecent assault, simple assault, aggravated assault, terroristic threats and unlawful restraint. Post-trial motions were filed and denied. Appellant was sentenced to "time-in" to twenty-three months imprisonment. This direct appeal followed.

On April 16, 1980, the fourteen-year-old victim, who was running away from a home for delinquent girls, met appellant at Woodrow Wilson High School in Camden, New Jersey. She asked appellant for directions to 35th Street. Appellant told the victim that he would take her there. After smoking some marijuana, provided by appellant, the two went to 35th street, but the victim could not find her friends' house. Appellant invited her to stay with him, his

wife and seven-year-old daughter in Philadelphia. The two then went to Philadelphia, where they spent the evening visiting various bars and smoking marijuana. The victim claimed that appellant forced her to have sex with him. However, appellant was acquitted of the rape and assault charges. He was convicted of corrupting the morals of a minor for giving marijuana to the victim.

The sole issue raised on appeal is the sufficiency of the evidence. Appellant argues that the evidence is insufficient to prove that he was eighteen years of age or older at the time of the offense and, therefore, the judgment of sentence should be arrested and he should be discharged. While it is clear that a criminal conviction may not be based upon mere surmise or conjecture, the Commonwealth's burden in proving a criminal offense or the elements thereof may be sustained by means of wholly circumstantial evidence. *Commonwealth v. Berrios*, 495 Pa. 444, 434 A.2d 1173 (1981); *Commonwealth v. Harrison*, 289 Pa.Super. 126, 432 A.2d 1083 (1981). Furthermore, in testing the legal sufficiency of evidence to support a verdict, a reviewing court is not permitted to substitute its judgment for that of the fact finder, but is restricted to assessing the evidence in the light most favorable to the verdict winner and drawing all proper inferences that the evidence suggests in that party's favor. *Commonwealth v. Smith*, 490 Pa. 374, 416 A.2d 517 (1980); *Commonwealth v. Jones*, 291 Pa.Super. 69, 435 A.2d 223 (1981). It is within the province of the trier of fact, in a criminal prosecution, to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. So, too, the finder of fact is free to believe all, part or none of the evidence. *Commonwealth v. Stockard*, 489 Pa. 209, 413 A.2d 1088 (1980); *Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979); *Commonwealth v. Lawton*, 272 Pa.Super. 40, 414 A.2d 658 (1979). Our review of the record in this light discloses there is sufficient evidence to support the court's conclusion that appellant was at least eighteen years of age.

■ A person's age need not be proved only by direct testimony, but may also be proved by circumstantial evidence. *Commonwealth v. Jones*, 314 Pa.Super. 497, 461 A.2d 267 (1983). The victim testified that she accompanied appellant to several bars, where he drank beer and ordered sodas for her. She testified that they walked over to the Terrain, that appellant told her it was a "college dorm" and said he "used to live there." It would be reasonable to infer from the former testimony that appellant was at least the legal drinking age of twenty-one. One could reasonably infer from the latter testimony that appellant, who had lived in a "college dorm", had attended college and was therefore at least eighteen years of age.

■ Appellant testified that he worked in a bar called Drury Lane. He admitted accompanying the victim to three bars, including his place of employment. He stated that he was drinking beer, the victim was drinking sodas, and that he did not give the victim any alcohol because he knew she was not twenty-one. That testimony warrants an inference that appellant was at least twenty-one years of age at the time of the offense. In addition, appellant's physical appearance, which was observed by the factfinder at trial, provided a circumstance from which it could determine his age. *See Commonwealth v. Jones, supra.*

Appellant relies on *Commonwealth v. Walker*, 33 Pa.Super. 167 (1907). In *Walker*, this Court reversed a conviction for statutory rape where the only mention of the defendant's age occurred when the trial court charged the jury that they could judge his age by his appearance. In *Walker*, however, the defendant did not testify and was never identified by any witness. The Court stated that there was no way of knowing with any degree of certainty if the jury had been observing the right man when they judged his appearance. We do not have that problem in this case. Appellant was clearly identified. Moreover, he testified in his own defense. Thus, the record is clear that the jury, in judging appellant's age by his appearance, observed the right person. It is true that in this case the Commonwealth

did not specifically offer the person or appearance of the defendant as an exhibit as was done in *Commonwealth v. San Juan*, 129 Pa.Super. 179, 195 A. 433 (1937). In affirming the conviction in that case, the Court noted that "the prosecuting attorney followed too literally the method suggested by the opinion writer in *Commonwealth v. Walker*, supra, to wit, that the defendant's appearance should be put into evidence in the regular manner of offering other evidence." *Id.*, 129 Pa.Superior Ct. at 184, 195 A. at 436. In our opinion, neither of the above-cited cases requires that the Commonwealth *formally* move the appellant's appearance into evidence before that factor may be considered, along with all of the other circumstantial evidence presented at trial, in determining whether appellant was at least eighteen years of age. Therefore, we hold that the record evidence is sufficient to sustain the verdict and that appellant's request that judgment be arrested was properly denied.

■ After this appeal was filed, the trial judge filed an opinion pursuant to Pa.R.A.P. 1925(b). In discussing the sufficiency of the evidence as to appellant's age, he stated: "[a]t page three (3) of the notes of testimony received at trial, John Nelson, when questioned by his own attorney, responded that he was twenty-eight years of age." It is correct that this reference to appellant's testimony is contained in the pre-trial, jury waiver colloquy immediately preceeding the beginning of trial. It is also correct that the statement is not a part of the "trial record". We have not, therefore, included that testimony by the appellant in our review of the evidence or used it as a basis for our conclusion that the evidence is sufficient to support the verdict of guilty. Where the trial court reaches a proper result but for an erroneous reason, we may, of course, affirm without regard to the ground upon which the trial court relied. *E.J. McAleer and Co., Inc. v. Iceland Procs.*, 475 Pa. 610, 381 A.2d 441 (1977), *Turnway Corporation v. Soffer*, 461 Pa. 447, 336 A.2d 871 (1975). Thus, although the trial court here included in its opinion an erroneous reason for the

conclusion that the evidence on this issue is sufficient, we may affirm where our review, limited to the trial record itself, discloses that the evidence is, in fact, sufficient.

A review of the original trial record filed with our Court discloses that appellant's pre-trial statement was not offered or received into evidence during the trial. Nor is there anything in the trial record to indicate that the Court considered that statement in reaching its verdict. However, assuming the "pre-trial testimony" of the appellant was considered by the trial court in reaching its verdict, that "error" does not render the evidence *insufficient* or require that appellant be discharged. In passing upon the sufficiency of the evidence, we are not to exclude evidence that may have been erroneously received or considered and then evaluate the issue on the balance of the evidence. On the contrary, we are to consider *all* of the evidence whether erroneously received or not and evaluate the sufficiency of the evidence on that basis. The proper remedy where evidence is improperly received and its introduction constitutes prejudicial error is, at the most, the grant of a new trial at which the evidence will be excluded. However, appellant in this case does not seek a new trial. Therefore, we need not consider whether the evidence of appellant's "pre-trial testimony", if considered by the trial court in reaching its verdict, was prejudicial error so as to require a new trial. Appellant, having asked *only* to be discharged on the ground that the evidence was insufficient, is not entitled to a new trial on the ground that the trial court *may* have considered, in reaching its verdict, evidence not properly in the trial record. On appeal, a request for arrest of judgment on the ground that the evidence is insufficient does not present as an issue for our determination alleged trial errors that may or may not warrant a new trial. Compare *Com. v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149 (1982) [appeal quashed where no issues were properly raised in appellant's brief].

Judgment of sentence affirmed.

CERCONE, President Judge, files a dissenting opinion.

CERCONE, President Judge:

I dissent.

While I agree with the majority that there are many ways by which the Commonwealth might have proved appellant's age, I do not find these to be dispositive of appellant's contention in the instant case, where the trial judge, sitting as a factfinder, specifically and singly listed appellant's pre-trial colloquy as the court's basis for finding appellant to be over eighteen. Though the general rule is that a judge, as factfinder, is presumed to disregard inadmissible evidence and consider only competent evidence, *Commonwealth v. Davis*, 491 Pa. 363, 421 A.2d 179 (1980); *Commonwealth v. Glover*, 266 Pa.Superior Ct. 531, 405 A.2d 945 (1979), this presumption has been negated in appellant's case by the express statements of the trial judge in his opinion. As we said in *Commonwealth v. Alston*, 266 Pa.Superior Ct. 18, 21, 402 A.2d 1056, 1057 (1979), "[I]f there is any reasonable ground to conclude that the arguably tainted evidence in issue may have contributed to the conviction, it is not appropriate to find the error harmless. *Commonwealth v. Laws*, 474 Pa. 318, 378 A.2d 812 (1977)." *Accord Commonwealth v. Davis, supra; Commonwealth v. Oliver*, 273 Pa.Superior Ct. 140, 416 A.2d 1128 (1979); *Commonwealth v. Hart*, 272 Pa.Superior Ct. 189, 414 A.2d 1071 (1979). Indeed, our Supreme Court has ruled that "an error is harmless only if the appellate court is convinced beyond a reasonable doubt that the error is harmless." *Commonwealth v. Story*, 476 Pa. 391, 406, 383 A.2d 155, 162 (1978) (footnote deleted). The term "harmless" was defined by the Supreme Court as follows:

[A]n error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict. *Whenever there is a " 'reasonable possibility' " that an error " 'might have contributed to the conviction,' " the error is not harmless. Commonwealth v. Davis*, [452 Pa. 171, 178, 305 A.2d 715, 719

496

(1973)] quoting *Chapman v. California* [386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)]

*Id.,* 476 Pa. at 412, 383 A.2d at 164. (emphasis added.) Therefore, I would reverse.