J-A25042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| OMAR L. PETERSON, | : : | |
| Appellant. | : | No. 1054 EDA 2017 |

Appeal from the Judgment of Sentence, March 15, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0003487-2016.

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:  **FILED JANUARY 16, 2019**

Omar Peterson appeals from the judgment of sentence, after a trial judge convicted him of various drug-distribution offenses and imposed an aggregate sentence of three to six years in prison, followed by five years' probation.  This appeal raises one issue, challenging the sufficiency of the Commonwealth's evidence.  **See** Peterson's Brief at 7.  Specifically, Peterson is arguing that the evidence is insufficient for a factfinder to infer that he intended to possess heroin for distribution, rather than for only personal use.  **See id.** at 12-16.  We affirm.

When considering a challenge to the sufficiency of the evidence, we look for whether the Commonwealth has placed into the record proof of each element of the crimes charged.  This presents a mixed question of fact and law.  Because a crime's elements raise a legal question, our

standard of review is *de novo*, but our scope of review, given the fact finder's role in determining credibility, is curtailed. **See Commonwealth v. Hughes**, 908 A.2d 924, 927 (Pa. Super. 2006). We may determine only if the trial court or jury's factual findings find support in the record and if the legal conclusions are correct; we may consider the Commonwealth's evidence and all favorable inferences arising from it, and only so much of the defendant's evidence that remains uncontradicted. **See id.**

After reviewing the record, the parties' briefs, the trial court's opinion, and the controlling law, we conclude that the 1925(a) Opinion has cogently addressed the issue that Peterson raises on appeal. **See** Trail Court 1925(a) Opinion (properly relying upon the Commonwealth's expert on drug distribution, who concluded that Peterson possessed heroin for distribution due to the quantity of heroin found, the manner and location in which it was stored, the unopened packages, and the racks of heroin; also, rightly holding that a person who is using heroin typically has drug paraphernalia located close by). Thus, further discussion from this Court is unneeded.

Accordingly, we adopt Judge Vincent N. Melchiorre's well-reasoned 1925(a) Opinion as our own. In the event of future proceedings, the litigants shall attach a copy of Judge Melchiorre's Opinion to any filings.

Judgment of sentence affirmed.

J-A25042-18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/16/19

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF
PENNSYLVANIA

CP-S 1-CR-0003487-2016

vs.

SUPERIOR COURT
NO. 10S4 EDA 2017

OMAR PETERSON

CP-51-CR-OCJOJ487-2016*Com*
i                Opinion m. v Peterson. Omar 1

OPINION

**FILED**

DEC 2 0 2017

||||||||| ||/||/|| ||||/||
-- .  8045561471

Appeals/Post
Trial
Office of Judicial Records

**MELCHIORRE, J.**

**DECEMBER 20, 2017**

## I.     PROCEDURAL HISTORY

On March 24, 2016, the Defendant, Omar Peterson, was arrested and was charged with *inter alia* Possession of a Controlled Substance with the Intent to Deliver.,[1] Possession of a Controlled Substance by a Person Not Registered,[2] and Possession of Marijuana[3] for events that occurred at or near the 700 block of North 65th Street in the City and County of Philadelphia.

The Defendant filed a motion to suppress physical evidence which was heard and denied on September 8, 2016.  On November 23, 2016, following a wavier trial, the Defendant was found

---

[1] 35 Pa.C.S.A. § 780-113(a)(30)

[2] 35 Pa.C.S.A. § 780-113(16)

[3] 35 Pa.C.S.A. § 780-113(a)(31)

guilty of all charges. Sentencing was deferred pending a presentence investigation and mental health examination. On March 15, 2017, the Defendant was sentenced to a term of three (3) to six (6) years of incarceration followed by five (5) years of probation on the conviction for possession of a controlled substance with intent to deliver. No further penalty was imposed on the remaining convictions. Defendant filed a notice of appeal to the Superior Court. Following the receipt of the notes of testimony, and the appointment of new counsel, a Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. Rule 1925 (h) was ordered. A 1925(b) Statement was Filed on September 21, 2017.

## II.    FACTS

At the suppression hearing, Officer Vincent Palmer testified that, on March 23, 2016, he and two (2) other officers, Officer Ondarza and Officer Preston (first names not given), were working as back-up officers to a narcotics surveillance set up at another nearby location. They were in plain clothes, in an unmarked police vehicle, parked on the 700 block of North 65th Street. As they waited, Officer Palmer's attention was drawn to the 2004 blue Acura that pulled up directly behind their vehicle. The only person in the car (later identified as the Defendant) exited and looked up and down the street before going to the front of the Acura and lifting the hood. As he looked up and down the street again, Officer Palmer noticed a white package on the driver's side ledge under the hood. The Defendant removed the package, shut the hood, got back into the car and drove northbound on the 700 block of 56th Street. (N.T. 9/8/16. pp. 8-14).

Suspecting that the white package was heroin and not wanting to alert the Defendant to their presence, Officer Palmer watched the Defendant turn left onto the 6500 block of Lansdowne

Avenue before following him. As soon as he made the turn, Officer Palmer observed the Defendant park the car and exit the vehicle with his cell phone in his hand. Officer Palmer had not activated lights and sirens before Officer Ondarza exited from the passenger side of their vehicle and engaged in conversation with the Defendant. Officer Palmer didn't see the white package in the Defendant's hands, so he walked over to the Acura and looked into the driver's side window; he observed, in plain view, the white package (opened at the top) and a rubber band bundle (a heroin rubber banded bundle) sitting on the front seat. Officer Palmer observed four (4) individual packets (clear Ziploc packets with a blue glassine insert), all stamped with "walking dead." There were also two (2) jars of marijuana, one with a blue top and a second jar with an orange top. The white package contained five (5) rubber banded bundles: each bundle contained fourteen (14) individual packets of heroin for a total of seventy (70) packets. Marijuana was recovered, as well as $145.00 in United States currency. (N.T. 9/8/16, pp. 15-20).

The Defendant testified, and he denied that the drugs were on the front seat in the Acura; he stated they were in the center console which was closed. (N.T., 9/8/16, p. 45). The motion to suppress was denied. (N.T. 9/8/16. p. 67). The matter proceeded to trial and, after a stipulation as to Police Officer Joseph McCook's expertise in narcotics, the Commonwealth called Officer McCook as an expert in the field of narcotics; specifically, the way narcotics are packaged, delivered, and managed in Philadelphia. Defense counsel objected as there was no written report pursuant to Rule 373 13(1)(e). The court bifurcated the trial to give Officer McCook the opportunity to submit a written report. (N.T. 9/8/16. pp. 73-80).

On November 22. 2016, trial resumed. Since the last hearing, Officer McCook suffered a brain aneurysm and was unable to be present. The Defendant stipulated to the expertise of his replacement, Police Officer Kevin Keys. (N.T., 11/22/16, pp. 5-6). According to Officer Keys,

based on his experience and training in the field of narcotics, and to a reasonable degree of certainty, the narcotics recovered from the Defendant at the time of his arrest were for distribution and not personal use.  (N.T. 11/22/16. pp. 11-14. 17. 21-22. 33. 36-43).

Following argument, the Defendant was convicted of all charges.  A pre-sentence report and mental health report were ordered.  On March 5, 2017, the Defendant was sentenced to a term of three (3) to six (6) years of incarceration, followed by five (5) years of probation on the possession with intent to deliver charge.  No further penalty was imposed on the remaining convictions. Anthony Petrone, Esquire, represented the Defendant at trial.

Post-sentence motions were not tiled.  On March 21, 2016, the Defendant filed a timely notice of appeal pursuant to Pa. R.A.P. § 1925(h).  After receiving the notes of testimony and the appointment of new counsel, a Statement of Matters Complained of on Appeal, pursuant to Pa. R.A.P. Rule 1925 (h), was Ordered; that statement was filed on September 21, 2017.

III.    **ISSUE ON APPEAL**

The Defendant raises the following issue on appeal.

The evidence was insufficient to support the guilty verdict for possession of a controlled substance with intent to distribute (PWID), as there was no large amount of money in denominations indicating drug trafficking, and the Commonwealth's narcotics expert failed to establish that the heroin was possessed by appellant under circumstances indicative of anything more than mere possession, and where there was an overall lack of evidence proving, beyond a reasonable doubt, that the packets of heroin were possessed for distribution.

- 4 -

## IV. DISCUSSION

The Defendant argues that there was insufficient evidence to establish, beyond reasonable doubt, the crime of possession with intent to distribute. Specifically, the Defendant argues that he did not have a large amount of money in denominations that would indicate drug trafficking, that the Commonwealth's narcotics expert failed to establish that the heroin was possessed by Defendant under circumstances indicative of anything more than mere possession, and there was an overall lack of evidence proving, beyond a reasonable doubt, that the packets of heroin were possessed for distribution.

A challenge to the sufficiency of the evidence is based upon whether the evidence and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish all the elements of the offense(s) beyond reasonable doubt. Commonwealth v. Walter. 600 Pa. 392, 966 A.2d 560 (2009); Commonwealth v. Bracey, 541 Pa. 322, 330, 662 A.2d 1062, 1065 (1995). The credibility of witnesses and the weight to be accorded the evidence produced are matters within the province of the trier of fact. The fact-finder is free to believe all, some or none of the evidence. Commonwealth v. Baker. 24 A.3d 1006, 2011 PA Super 131 (2011); Commonwealth v. Walker, 540 Pa. 80, 656 A.2d 90 (1995); Commonwealth v. Nelson, 320 Pa. Super. 488, 467 A.2d 638 (1983); Commonwealth v. Cody, 401 Pa. Super. 85, 584 A2d 992 (1991); *appeal denied* 527 Pa. 622, 592 A.2d 42. The court finds the Defendant's claim to be meritless. There was sufficient evidence to convince the court beyond reasonable doubt that the Defendant, Omar Peterson, was guilty of committing the aforementioned criminal acts.

To sustain a conviction under The Controlled Substance, Drug, Device, and Cosmetic Act, the Commonwealth must prove under subsection 30 that the defendant manufactured, delivered, or possessed, with intent to manufacture, deliver, or possess, a controlled substance. 35 Pa. C.S.A. § 780-113(a)(30). *See also* Commonwealth v. Conaway, 791 A.2d 359, 362 (Pa.Super.2002). In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence. Commonwealth v. Drummond, 775 A.2d 849, 853-54 (Pa.Super.2001). Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant. Commonwealth v. Kirkland, 831 A.2d 607, 610 (Pa.Super.2003).

Since the drugs were not found on the Defendant's person, the Commonwealth was required to establish that he constructively possessed the heroin and marijuana. Constructive possession requires proof of the ability to exercise conscious dominion over the substance, the power to control the contraband, and the intent to exercise such control. Commonwealth v. Petteway, 847 A.2d 713, 716 (Pa.Super.2004). Constructive possession may be established by the totality of the circumstances. Commonwealth v. Parker, 847 A.2d 745, 750 (Pa.Super.2004). The Superior Court has held that circumstantial evidence is reviewed by the same standard as direct evidence. A decision by the trial court will be affirmed "so long as the combination of the evidence links the accused to the crime beyond reasonable doubt." Commonwealth v. Johnson, 818 A.2d 514, 516 (Pa.Super.2003).

In the instant case, Officer Palmer observed the Defendant pull up behind his parked car and remove a white package from the driver's side ledge under the hood of the car he was driving.

Once he removed the package, he got back into the car and drove to Lansdowne Avenue where he parked and exited the vehicle without the package. Officer Ondarza got out of Officer Palmer's vehicle and engaged in a conversation with the Defendant. Meanwhile, Officer Palmer walked over to the Defendant's vehicle and observed, in plain view, the white package, which was only opened a little at the top and a rubber band bundle (a heroin rubber banded bundle). Officer Palmer observed four (4) individual packets all stamped with "walking dead," as well as two (2) jars of marijuana. The white package contained five (5) rubber handed bundles: each bundle contained fourteen (14) individual packets for a total of seventy-four (74) packets (70 packets in the white package and 4 loose packets). (N.T. 9/8/16. pp. 8-20). The evidence presented was sufficient to convict Defendant of possession of a controlled substance with the intent to deliver.

The second part of Defendant's argument, that the Commonwealth's narcotics expert failed to establish that the heroin was possessed by Defendant under circumstances indicative of anything more than mere possession, must also fail.

Contrary to Defendant's argument. Officer Keys did establish that the Defendant was doing more than merely possessing the heroin found in the Acura. Officer Keys testified that based on his training and experience, users of heroin do not purchase half racks of heroin, they do not store their heroin under the hood of a car, nor do they purchase a package of heroin and leave it unopened (only the top of the white package was ripped open) as Officer Palmer found it on the front seat of the car. Officer Keys opined that "one of the biggest concerns about users of drugs is their concern about being beat for their money and so it would be urgent for a user to hurry up and find out what he has, in this particular case, it [the white package] was still only ripped at the top and was not ripped throughout the rest." (N.T.. 11/22/16, pp. 12-13). According to Officer Keys, these actions are associated with a distributor, not a user. Furthermore, Officer Keys stated that racks of heroin

are usually associated with a distributor, because only they know what's inside.  (N.T 11/22/16, p. 13).

Officer Keys also testified that based on the amount of heroin, along with his experience with heroin users, if the individual is a serious user, they generally are shooting the drug up.  That most people start off snorting the drugs, or in some situations, smoking the drug; but after a month, two months, the individual generally begins to go to a syringe of some sort, and there was no indication that any syringes or anything used for snorting heroin.  (N.T.. 11/22/16. p. 13).

Additionally, Officer Keys stated that throughout the city, heroin is consistently $10.00 a packet.  Here, there was an additional four (4) packets for a total of 74 individual packets, for a total amount of 1.648 grams, or $740.00, which Officer Keys stated was a considerable amount of heroin for a user.  (N.T., 11/22/16, p. 14).

## IV.     CONCLUSION

In summary, this court has carefully reviewed the entire record and finds no harmful, prejudicial, or reversible error, and nothing to justify the granting of Defendant's request for relief in this case.  For the reasons set forth above, Defendant's judgment of sentence should be affirmed.

BY THE COURT:

\_\_\_/s/_____
VINCENT N. MELCHIORRE, J.